ALICE J. MEARS *vs.* BOSTON AND MAINE RAILROAD.

Suffolk.    January 14, 1895. — February 28, 1895.

Present: FIELD, C. J., HOLMES, KNOWLTON, MORTON, & BARKER, JJ.

*Loss of Life — Railroad — Due Care — Negligence — Death without Conscious Suffering.*

In an action against a railroad corporation under the employers' liability act, St. 1887, c. 270, for causing the death of A., it appeared that he was killed while inspecting cars in the defendant's freight-yard by being crushed by a car that was one of two box cars thrown against the car on which he was working by another car kicked off from a train and run on a descending grade with no brakeman upon it until it struck the two cars which were left standing on the track with a space of about six or eight feet between them and the car at the end of which he was working; that he was in the performance of his duty, which required him to inspect the running gear, draw-bars, links, and pins of cars left on the track where he found the car which he was inspecting; that he had no notice that a car was to be kicked off and sent down the grade without a brakeman upon it, so as to strike the two cars as it did; that these two cars were so situated as to cut off from his view the car which was approaching; and that it was contrary to the rule of the railroad corporation to kick off cars and send down a car in that way upon that track. *Held*, that there was evidence tending to show that A. was in the exercise of due care, and that the conductor of the train was negligent.

In an action against a railroad corporation under the employers' liability act, St. 1887, c. 270, for causing the death of A., who was struck by a car while he was engaged in his duty of inspecting cars in the defendant's freight-yard, the evidence tended to show that his body was crushed; and a witness, who was near him at the time of the accident, testified that he was "stone dead" when the witness reached him. He also testified that A. took two or three steps after he was struck, and then fell. *Held*, that there was evidence that A. died without conscious suffering.

TORT, under the employers' liability act, St. 1887, c. 270, by the widow of John Mears, for causing his death. Trial in the Superior Court, before *Dunbar*, J., who, at the defendant's request, directed the jury to return a verdict for the defendant; and the plaintiff alleged exceptions. The facts appear in the opinion.

*L. M. Child*, for the plaintiff.

*W. I. Badger*, for the defendant.

KNOWLTON, J. The plaintiff's husband was killed while inspecting cars in the defendant's freight-yard by being crushed by a car that was one of two box cars thrown against the car on which he was working by another car kicked off from a train, and run on a descending grade with no brakeman upon it until it struck the two box cars which were left standing on the track with a space of about six or eight feet between them and the car at the end of which he was working. There was evidence tending to show that he was in the exercise of due care. He was in the performance of his duty, which required him to inspect the running gear, draw-bars, links, and pins of cars left on the track where he found the car which he was inspecting. He had no notice that a car was to be kicked off and sent down the grade without a brakeman upon it, so as to strike the two cars which stood six or eight feet from that on which he was working. The two box cars were so situated as to cut off from his view the car which was approaching. It was contrary to the rule of the road to kick off cars and send down a car in that way upon that track. It was a question of fact whether he used such care as was reasonable in the circumstances in which he was placed. *Davis* v. *New York, New Haven, & Hartford Railroad,* 159 Mass. 532.

There was also evidence that he died without conscious suffering. The testimony tended to show that his body was crushed, and a witness who was near him at the time of the accident testified that he was " stone dead " when the witness reached him. What was said in regard to his taking steps did not necessarily imply any voluntary action or consciousness on his part.*

---

* This witness also testified that Mears took two or three steps after he was struck, and then fell.

There was evidence tending to show that the conductor in charge of the train was negligent in violating a rule of the road in allowing the car to be kicked off and run down the track without a brakeman upon it, and without warning the plaintiff or seeing whether there were persons working under the cars who might be hurt. The jury might well find that his negligence in these matters was a direct cause of the accident.

We are of opinion that, upon the whole case, there was evidence in favor of the plaintiff which should have been submitted to the jury.                        *Exceptions sustained.*