BESSIE L. BICKFORD, administratrix, *vs.* EDWARD P. FURBER, administrator.

Middlesex.   March 3, 1930. — March 26, 1930.

Present: RUGG, C.J., CARROLL, WAIT, SANDERSON, & FIELD, JJ.

*Limitations, Statute of. Negligence,* Causing death. *Executor and Administrator.*

A cause of action for death under G. L. c. 229, § 5, in the amended form appearing in St. 1925, c. 346, § 9, arises at the time of the death rather than at the time of the appointment of the executor or administrator of the deceased.

The limitation of time in G. L. c. 229, § 5, as thus amended, for the commencement of actions thereunder, is a limitation of the right of action thereby provided for as well as of the remedy.

A cause of action for death under G. L. c. 229, § 5, as thus amended, is lost if the action is not commenced within the time limited, irrespective of the time of appointment of an executor or administrator of the person killed, and, if the wrongdoer die subsequent to the arising of the cause of action, irrespective of the time of appointment of his executor or administrator: the general principle that, before a period of limitation can commence to run, there must be someone in existence by whom the cause of action can be enforced and a different person in existence against whom it can be enforced, is inapplicable to a cause of action arising under said § 5, as thus amended.

The circumstance, that there were incorporated into G. L. c. 229, § 5, by St. 1925, c. 346, § 9, the provisions of G. L. c. 260, § 4, in the amended form appearing in St. 1925, c. 346, § 10, limiting to one year the time for the commencement of "actions of tort . . . the payment of judgments in which is required to be secured by . . . [G. L. c. 90, as amended by said c. 346 and amendments thereto]," does not affect the character of the limitation of time provided for by said § 5; and an action of tort for death, the payment of the judgment in which is required to be secured by said c. 90, as amended, must be brought within such period of one year.

The limitation of time specified in said G. L. c. 229, § 5, as thus amended, is a "special provision" within the meaning of G. L. c. 260, § 19; and therefore § 10 of said c. 260, extending the time for the commencement of actions in case of the death of "a person entitled to bring [them] or liable to [them]," is inapplicable to actions for death under said § 5, as thus amended.

A man died on March 16, 1927, as a result of injuries received in a collision between a motor truck in which he was riding and an automobile. An administrator of his estate was appointed and qualified

on June 16, 1927. The operator of the automobile died on September 12, 1927. An administrator of his estate was appointed on March 23, 1928, and qualified on March 27, 1928. By writ dated March 26, 1928, and served on the defendant March 29, 1928, an action was commenced by the first administrator against the second for the death of the plaintiff's intestate. *Held,* that

(1) A judgment in the action would be one, the payment of which would be required to be secured by G. L. c. 90, as amended by St. 1925, c. 346, and amendments thereto;

(2) The action was not commenced within one year from the time of the death of the plaintiff's intestate;

(3) Not having been commenced within one year of the time when the cause of action arose, the action was barred by G. L. c. 260, § 4, in the amended form appearing in St. 1925, c. 346, § 10, incorporated in G. L. c. 229, § 5, by St. 1925, c. 346, § 9.

TORT. Writ dated March 26, 1928.

The defendant pleaded the statute of limitations among other defences. Material evidence at the trial in the Superior Court before *Macleod,* J., is stated in the opinion. The judge denied a motion by the defendant that a verdict be ordered in his favor. The jury found for the plaintiff in the sum of $5,000. The defendant alleged exceptions.

*J. F. Cavanagh,* (*W. G. Wehle* with him,) for the defendant.

*R. H. Peacock,* for the plaintiff.

FIELD, J. This is an action of tort to recover for the death of Donald E. Bickford, the plaintiff's intestate, alleged to have been caused by the negligence of Arthur Mertin, the defendant's intestate. There was a verdict for the plaintiff. The case is here on the defendant's bill of exceptions, which raises the question whether the action was brought seasonably. If it was not, judgment, by agreement of the parties, is to be entered for the defendant.

Donald E. Bickford died March 16, 1927, from injuries received in a collision between a motor truck on which he was riding and an automobile owned and operated by Arthur Mertin. It is agreed "that there was competent evidence which would warrant the jury in finding that the death of the plaintiff's intestate was caused by the negligence of the defendant's intestate and that the plaintiff's intestate was in the exercise of due care."

The plaintiff was appointed and qualified as administra-

trix of the estate of Donald E. Bickford on June 16, 1927. Arthur Mertin died September 12, 1927. The defendant was appointed administrator of his estate on March 23, 1928, and qualified as such on March 27, 1928. The writ was dated March 26, 1928, and served on the defendant March 29, 1928.

The plaintiff seeks to enforce a cause of action created by G. L. c. 229, § 5, as amended by St. 1922, c. 439, and by St. 1925, c. 346, § 9, which states that "Except as provided in sections one, two and three, a person who by his negligence . . . causes the death of a person in the exercise of due care, who is not in his employment or service, shall be liable in damages . . . to be recovered in an action of tort, commenced, except as provided by section four of chapter two hundred and sixty, within two years after the injury which caused the death by the executor or administrator of the deceased . . ." Sections 1, 2 and 3 of G. L. c. 229 are not applicable to this case, but § 4 of G. L. c. 260, as amended by St. 1921, c. 319, St. 1925, c. 346, § 10, is applicable. It provides that, among other proceedings, "actions of tort . . . for death the payment of judgments in which is required to be secured by chapter ninety . . . shall be commenced only within one year next after the cause of action accrues," and a judgment for the plaintiff in this case would be one for the payment of which security was required by said chapter 90. See G. L. c. 90, as amended by St. 1925, c. 346, §§ 1, 2, by the addition of § 1A and §§ 34A–34I, inclusive. St. 1926, c. 368, §§ 1, 2, 3. See now St. 1928, c. 381, § 4. Other than actions for libel the proceedings so limited arise in connection with compulsory security for personal injuries caused by motor vehicles and were brought within the scope of G. L. c. 260, § 4, when it was amended by St. 1925, c. 346, § 10.

This action was not brought seasonably. It did not meet the statutory requirement that it must be "commenced only within one year next after the cause of action accrues." Nor was the time for commencing action extended by reason of any facts shown.

1. The action was not commenced within a year after

the cause thereof accrued.  On no view of the law was it commenced before the date of the writ, .March 26, 1928, which was more than a year after the death of the plaintiff's intestate, March 16, 1927.  Within the meaning of the statute the cause of action accrued at the time of his death rather than at the time of the appointment of his administratrix.  A cause of action may accrue even if there is then no person legally qualified to enforce it.  See G. L. c. 260, §§ 7, 8.

An action to recover for death by negligence, which is brought under G. L. c. 229, § 5, as amended, but is not within the provisions of G. L. c. 260, § 4, as amended, must be "commenced . . . within two years after the injury which caused the death."  See also G. L. c. 229, §§ 1, 3; St. 1929, c. 119, § 1.  This provision, before it was changed by St. 1925, c. 346, § 9, applied also to actions like the present.  It was a limitation upon the right as well as upon the remedy, and the right was lost when two years expired.  *Crosby* v. *Boston Elevated Railway*, 238 Mass. 564, 566.  *Murphy* v. *Avery Chemical Co.* 240 Mass. 150, 153.  *Sterling* v. *Frederick Leyland & Co. Ltd.* 242 Mass. 8, 13.  The statute evidenced an intention to set a definite limit to the time within which an action might be brought, regardless of the situation of the estate of the deceased with reference to administration.  See *Reading Co.* v. *Koons*, 271 U. S. 58, 63.  As this statute limited right as well as remedy, the principle laid down in *Bremer* v. *Williams*, 210 Mass. 256, 258, that "before it can begin to run there must be some one in existence by whom, and a different person against whom, the claim may be enforced" (see also *Leggat* v. *Bowker*, 270 Mass. 497, 500), did not apply.

The incorporation in G. L. c. 229, § 5, as amended by St. 1922, c. 439, of the provisions of G. L. c. 260, § 4, as amended, dealing with actions for death, which was effected by St. 1925, c. 346, § 9, did not change the nature of the limitation.  Commencement of an action within the period fixed remained a condition precedent to the existence of the cause of action.  It is not to be supposed that the Legislature, in connection with requiring security for the

payment of judgments for deaths caused by motor vehicles by St. 1925, c. 346, intended to make the time within which such actions must be brought less definite than in the case of actions for deaths generally. The Legislature must have contemplated that in every case the appointment of an executor or administrator was prerequisite to bringing suit and, doubtless, regarded a year as a reasonable time within which to secure such appointment and to commence an action. The failure to provide specifically in the statute that the year should run from the date of the death does not indicate that some other starting point was intended. Actions for death are grouped in G. L. c. 260, § 4, as amended, with other actions and a more inclusive phrase was required. See *Reading Co.* v. *Koons,* 271 U. S. 58, 64.

2. The time for commencing an action was not extended by reason of any facts shown, either the fact that there was a period during which there was no administrator or executor of the estate of Donald E. Bickford or the fact that because of the death of Arthur Mertin within the year there was no administrator or executor of his estate for a part of that year. For reasons already indicated the nonexistence of an administrator or executor to sue did not avoid the statute. *Sterling* v. *Frederick Leyland & Co. Ltd. supra.* For similar reasons the nonexistence of an administrator or executor to be sued did not avoid it. Apparently the Legislature regarded a year as sufficient time within which to commence an action, even though, by reason of the death of the wrongdoer, the appointment of an executor or administrator of his estate within that period became necessary. If his widow or next of kin neglected to petition for such appointment, the plaintiff as a creditor was entitled to do so. G. L. c. 193, § 1. *Bianco* v. *Piscopo,* 263 Mass. 549, 552. The possibility that some restriction upon the right to sue may result from the death of a wrongdoer does not warrant a different construction of the statute in the case of a cause of action which is a statutory creation (*Duggan* v. *Bay State Street Railway,* 230 Mass. 370, 376, *Sterling* v. *Frederick Leyland & Co. Ltd.* 242 Mass. 8, 12), and survives by force of a statutory

provision. G. L. c. 228, § 1. *Putnam* v. *Savage*, 244 Mass. 83. The plaintiff takes no benefit from G. L. c. 260, § 10, which extends the time for commencing an action in case of the death of "a person entitled to bring or liable" thereto. This section is a part of the general statute of limitations and does not apply where "a special provision is otherwise made relative to the limitation of any action." G. L. c. 260, § 19. *Hill* v. *Arnold*, 199 Mass. 109. The limitation imposed by G. L. c. 229, § 5, as amended, incorporating a part of G. L. c. 260, § 4, as amended, is special, since, in form, it is included in the statute creating the right and, in substance, is a limitation of the right as well as of the remedy.

It is unnecessary to consider the defendant's other exceptions. The exceptions must be sustained and judgment entered for the defendant.

*So ordered.*