C. W. WESCOTT, administrator *de bonis non* with the will annexed, *vs.* HENSHAW MOTOR CO.

SAME *vs.* HAROLD S. YOUNG.

Middlesex.    January 16, 1931. — March 6, 1931.

Present: RUGG, C.J., CROSBY, PIERCE, CARROLL, & SANDERSON, JJ.

*Negligence,* Causing death. *Limitations, Statute of. Agency,* Scope of employment.

G. L. c. 260, § 9, is inapplicable to an action for death, the payment of judgment in which is required to be secured by G. L. c. 90: such action, irrespective of residence of the defendant outside the Commonwealth after the accrual of the cause of action, must be commenced within the one-year period specified in G. L. c. 260, § 4, in the amended form appearing in St. 1925, c. 346, § 10, incorporated in G. L. c. 229, § 5, by St. 1925, c. 346, § 9.

A verdict properly was ordered for the defendant at the trial of an action
by an executor against a corporation for the conscious suffering and
death of the plaintiff's testator resulting from negligence of the op-
erator of an automobile, where the only evidence bearing on the ques-
tion, whether the operator was acting within the scope of his employ-
ment by the defendant, was uncontradicted testimony by the operator,
who was a salesman for the defendant, that he owned the automobile
and had it registered in his name, and received from the defendant an
allowance for his expenses in operating it in addition to his salary; that
he was on his way to interview a customer at the time of the acci-
dent; and that, although he was subject to the directions of the de-
fendant "as to where he would go and what people he would see in
reference to" sales, it was left to his judgment, within reasonable
limitations, to decide how and when he should go, the road he
should take and the manner in which he should operate the auto-
mobile.

TWO ACTIONS OF TORT for the conscious suffering and
death of Evelyn C. Higgins, originally by Dora D. Phil-
brick, executrix under the will of Evelyn C. Higgins, and
afterwards prosecuted by C. W. Wescott, administrator *de
bonis non* with the will annexed. Writ in the first action dated
November 3, 1927, and in the second action July 27, 1928.

In the first action, the defendant's answer contained an
allegation that the automobile in question was not oper-
ated by an agent of the defendant for whose conduct the
defendant was responsible. In the second action, the de-
fendant pleaded the statute of limitations.

The actions were tried together in the Superior Court
before *P. J. O'Connell*, J. Material evidence is stated in
the opinion. The judge ordered a verdict for the defend-
ant in the first action. In the second action, the judge
denied a motion by the defendant that a verdict be ordered
in his favor. Material portions of the judge's charge to
the jury are stated in the opinion. There was a verdict
for the plaintiff in the sum of $1 on the count for con-
scious suffering and the sum of $5,000 on the count for
death. The plaintiff alleged exceptions in the first action,
and the defendant alleged exceptions in the second action.

*S. P. Sears*, for the plaintiff.

*M. J. Mulkern*, (*E. F. Cameron* with him,) for the de-
fendant Henshaw Motor Co.

*C. F. Albert*, for the defendant Young.

CARROLL, J. These two bills of exceptions, one by the plaintiff and one by the defendant Young, are to rulings in actions of tort for the death of the plaintiff's testatrix and for her conscious suffering. In Wescott *v.* Young there was a verdict for the plaintiff. In Wescott *v.* Henshaw Motor Company a verdict for the defendant was directed by the court.

1. In the case against Young it appeared that the plaintiff's testatrix was struck by the motor vehicle operated by Young, in Reading, on April 13, 1927. The testatrix died April 23, 1927. She was a resident of Maine. Her will was allowed in that State on July 12, 1927. On September 16, 1927, her will was allowed in the Probate Court of Middlesex County and ancillary letters were issued to Dora D. Philbrick, who brought an action in July, 1928, but died before the case came on for trial; Clement W. Wescott, the administrator appointed, was substituted as plaintiff.

In April, 1927, the defendant Young was a resident of this Commonwealth. In May of that year he went to Maine and later to Providence, Rhode Island, where he established a permanent residence in October, 1927. Since May, 1927, he has not resided in this Commonwealth. There was evidence of negligence by Young and of due care on the part of the plaintiff's testatrix. Young was called as a witness by the plaintiff, who cross-examined him. In the course of the cross-examination a record of his conviction on June 20, 1927, for operating an automobile negligently, was offered by the plaintiff, solely for the purpose of affecting the credibility of the witness. The defendant excepted to its admission.

The defendant moved for a directed verdict. The first count was for conscious suffering and on this count there was a verdict for the plaintiff for $1. The second count was for the death of the testatrix. The jury found for the plaintiff on this count in the sum of $5,000. The judge, after instructing the jury that the cause of action for the death accrued on the date of the death of the testatrix, gave the further instruction that, if they found the defendant resided out of the Commonwealth for any period

after the cause of action accrued, they should deduct the period during which he so resided out of the Commonwealth in determining whether one year had elapsed between the date on which the cause of action accrued and the date on which the action was commenced. The defendant excepted to this part of the charge.

The plaintiff's testatrix died on April 23, 1927. The cause of action for her death accrued at this time. *Bickford* v. *Furber,* 271 Mass. 94, 97. The action was commenced on the date of the writ. *Gardner* v. *Webber,* 17 Pick. 407, 412. *Bickford* v. *Furber, supra.* This date was more than one year after the cause of action accrued. Under G. L. c. 229, § 5, as amended by St. 1922, c. 439, and St. 1925, c. 346, § 9, recovery may be had against one who negligently causes the death of another who is in the exercise of due care, the action to be brought, with exceptions not material here, within two years after the injuries which caused the death. By St. 1925, c. 346, § 10, and St. 1921, c. 319, § 1, G. L. c. 260, § 4, was amended. St. 1925, c. 346, § 10, provides that ". . . actions of tort for bodily injuries or for death the payment of judgments in which is required to be secured by chapter ninety . . . shall be commenced only within one year next after the cause of action accrues." G. L. c. 90 is the motor vehicle and aircraft statute. It is not disputed by the plaintiff that the cause of action for the death of his testatrix in this action against Young is governed by G. L. c. 260, § 4, as amended by St. 1921, c. 319, § 1, and St. 1925, c. 346, § 10.

An action for wrongfully causing the death of another is not a common law action; it is purely a statutory right. Where such a right is given, subject to certain conditions, failure to comply with the conditions is fatal to the existence of the right. *Castaline* v. *Swardlick,* 264 Mass. 481, and cases cited at page 483. *Bickford* v. *Furber, supra.* A statute which requires an action to be brought within a specified time makes that time of the essence of the right; when the time is passed, not merely the remedy is barred, but the right is gone.

The plaintiff contends that St. 1925, c. 346, § 10, is controlled by G. L. c. 260, § 9, this section providing in effect that residence out of the State is to be excluded in determining the time to bring an action. We cannot agree with this contention. The exclusive remedy given for death, the payment of judgments in which is required to be secured by G. L. c. 90, is that given by the statute. The right is conditioned by its terms and limited to the time stated in the statute. A similar question arose in *Bickford* v. *Furber, supra.* It was there decided that the limitation imposed by G. L. c. 229, § 5, as amended, is a limitation of the right as well as of the remedy. In that case it was said at pages 97–98: " It is not to be supposed that the Legislature, in connection with requiring security for the payment of judgments for deaths caused by motor vehicles by St. 1925, c. 346, intended to make the time within which such actions must be brought less definite than in the case of actions for deaths generally." It follows from this that G. L. c. 260, § 9, is not applicable to this action for death. The motion for a directed verdict on the second count should have been allowed. The exceptions are to be sustained on this count and judgment ordered for the defendant on the second count.

As to service on an absent defendant who causes injury to another while operating a motor vehicle on a public highway in this Commonwealth, see St. 1928, c. 344; *Pawloski* v. *Hess,* 250 Mass. 22; *S. C.* 253 Mass. 478.

The defendant excepted to the refusal of his motion to direct a verdict on the first count for conscious suffering. As we interpret the defendant's brief to mean that no argument is addressed to us asking that this exception be sustained we treat it as waived. As the plaintiff cannot recover on the second count and the verdict is to stand on the first count, we do not think it necessary to discuss the question of the right of the plaintiff to introduce the record of the defendant's conviction when the plaintiff called him as a witness. See *Labrie* v. *Midwood,* 273 Mass. 578.

2. The case of Wescott *v.* Henshaw Motor Company was tried with the case against Young. In the Henshaw. Motor Company case the trial judge directed the jury to return a verdict for the defendant. Young was employed by the Henshaw Motor Company as sales supervisor in April, 1927, when the accident occurred. At this time he was intending to call on a customer for the purpose of selling a truck. He was driving his own motor vehicle. Young testified that "When this accident happened he had started from Andover" where he lived; that "When he left the Boston office it was his intention to reach eventually" the customer's home; that an allowance was made by the Henshaw Motor Company for the expenses of operating his automobile; that he received "a flat weekly salary"; that he was subject to the directions of his employer "as to where he would go and what people he would see in reference to the sale of automobiles"; that within reasonable limitations he could go at such times as within his judgment he felt was wise; that "How he went and the road he pursued in going there was entirely a matter in his own judgment, and the manner in which he operated and handled the car on the way was a matter for him in his judgment to make up as he went along." There was no contradiction of this evidence. The only witness at the trial was Young.

It has been frequently decided that one may be the agent or servant of another in some matters and not the agent or servant in other matters. *Hardaker's Case,* 274 Mass. 7. *Child's Case,* 274 Mass. 97. Young was operating his own motor vehicle, registered in his own name. The defendant assumed no responsibility for it. It was under the control of Young and the defendant had no power to direct or control the way in which is was to be operated. The defendant had no right to direct the employee Young in any particular way he should go, the course he should take, the speed of the vehicle, or his mode of driving the automobile. These were matters for Young to determine. *Khoury* v. *Edison Elec-*

*tric Illuminating Co.* 265 Mass. 236, 238. *Child's Case, supra.* The method of payment was not important. *Hoffman* v. *Liberty Motors, Inc.* 234 Mass. 437.

*Cardoza* v. *Isherwood,* 258 Mass. 165, is not in conflict. In that case the plaintiff was injured while the defendant's agent was engaged in the specific act of demonstrating the performance of an automobile about to be sold. This was the act the servant was hired to do. In the case before us Young was hired to sell an automobile and could use his own method of operating his own motor vehicle. In *Champion* v. *Shaw,* 258 Mass. 9, the manager of the defendant was operating a particular automobile while showing it to a customer. *Oulighan* v. *Butler,* 189 Mass. 287, and *Marsh* v. *Beraldi,* 260 Mass. 225, are to be distinguished. The verdict was rightly directed in the case against the Henshaw Motor Company.

3. In the case of Wescott v. Young a verdict is to be entered for the defendant on the second count and the exceptions to that count are sustained; the verdict for the plaintiff on the first count is to stand. In the case of Wescott v. Henshaw Motor Company the plaintiff's exceptions are overruled.

*So ordered.*