ELIZABETH A. HUTCHINSON, administratrix, *vs.* H. E. SHAW COMPANY.

Worcester.    September 22, 1931. — October 5, 1931.

Present: RUGG, C.J., CROSBY, CARROLL, WAIT, & SANDERSON, JJ.

*Negligence,* Causing death. *Limitations, Statute of. Statute,* Construction. *Actionable Tort.*

The provisions of G. L. c. 229, § 5, in the amended form appearing in St. 1925, c. 346, § 9, prevent recovery for the causing of death through negligence in the operation of a motor vehicle where the death occurs more than two years after the injury from which it results.

The right given by the above statute is expressly limited to two years from the date of the injury, and when that limitation has expired not only the remedy but the right is gone.

The provisions of G. L. c. 260, § 4, in the amended form appearing in St. 1925, c. 346, § 10, do not create a new right to recover for the death of a person injured by the negligent operation of a motor vehicle, but are a further limitation on the time within which an action to enforce

that right must be brought; they do not give a right to bring an action for the causing of death through negligent operation of a motor vehicle when the death occurs more than two years after the injury from which it resulted, even though it occurs within one year previous to the bringing of the action.

TORT. Writ dated November 7, 1930.

A demurrer to the declaration was sustained by *Whiting,* J. The plaintiff appealed.

*E. A. Ryan,* for the plaintiff.

*C. C. Milton,* for the defendant.

CARROLL, J. The plaintiff's declaration alleges that her intestate on May 7, 1928, was struck by the defendant's automobile, at the time negligently operated by his agent; that her intestate as a result of the injuries died on July 13, 1930. The writ is dated November 7, 1930. The defendant's demurrer was sustained on the ground (1) that the plaintiff has not stated in her declaration a cause of action such as to entitle her to a verdict, and (2) that, as the action is to recover for death and it appears from the declaration that the intestate was injured on May 7, 1928, and died on the thirteenth day of July, 1930, which was more than two years after the happening of the accident, the action is barred by reason of G. L. c. 229, § 5. The plaintiff appealed.

The plaintiff's intestate was injured by reason of the negligent operation of the defendant's automobile on May 7, 1928: he lived more than two years after the injury and died on July 13, 1930. The plaintiff's right to recover for the death of her intestate is a statutory right: it is to be found in G. L. c. 229, § 5, as amended by St. 1922, c. 439, St. 1925, c. 346, § 9. That statute provides, in substance, that recovery for death of a person in the exercise of due care may be had from the one who negligently caused the death, the damages "to be recovered in an action of tort, commenced . . . within two years after the injury which caused the death." The right given by this statute was expressly limited to two years from the date of the injury, and when that limitation expired, not only the remedy but the right was gone. The intention of the Legislature was to fix a time beyond which recovery for death caused by injury could not

be had.  *Bickford* v. *Furber*, 271 Mass. 94.   *Wescott* v. *Henshaw Motor Co.* 275 Mass. 82, 85.

The plaintiff contends that St. 1925, c. 346, § 10, is controlling; that under this section of the statute, as her action was commenced within one year "next after the cause of action" accrued, she alleged in her declaration a good cause of action.   Section 10 enacted, so far as material to the present case, that "actions of tort for bodily injuries or for death the payment of judgments in which is required to be secured by chapter ninety . . . shall be commenced only within one year next after the cause of action accrues." Chapter 90 is the motor vehicle statute.   The plaintiff is right in her contention that the cause of action for the death of her intestate could not accrue before his death.  *Bickford* v. *Furber*, 271 Mass. 94.   *Wescott* v. *Henshaw Motor Co.* 275 Mass. 82.

But it does not follow from this that her action was seasonably begun.   Section 10 of c. 346, St. 1925, did not create a new right to recover for the death of a person injured by the careless operation of a motor vehicle.   It was a further limitation on the time within which the action was to be brought. This section is not inconsistent with § 9 of c. 346, St. 1925, which provides that actions for death are to be commenced within two years after the injury causing the death.   The two sections are to be construed together.   Under § 9 an action for death must be begun within two years after the injury which results in death.   When the two years from the date of the injury have expired the right to recover for death is gone.   Under § 10 of this statute actions for bodily injuries or for death caused by motor vehicles under the compulsory security statute are to be commenced within one year after the cause of action accrues.   No action for death exists after two years from the date of the injury;  and under said § 10 the action must be brought within one year after the cause of action accrues.   In enacting § 10 it was not intended that an action for death could be commenced after two years from the date of the injury.   There is nothing in this section which amends the limitation of two years after the injury causing death.   It is merely an additional

enactment that, in motor vehicle cases under the statute providing for security, the action is to be brought within one year from the time the cause of action accrues, so that under this section an action for death must be commenced within one year from the time of death and under § 9 it must also be commenced within two years after the injury causing the death.

The intestate did not die until more than two years had elapsed after the date of the injury which caused his death, and for this reason there could be no recovery for his death. *Engel* v. *Davenport*, 271 U. S. 33, is not in conflict. The demurrer was sustained properly. Judgment is to be entered for the defendant.

*So ordered.*