PETER ALLICIA, administrator, *vs.* BOSTON, REVERE BEACH AND LYNN RAILROAD COMPANY.

Suffolk.   April 8, 1936. — May 27, 1936.

Present: RUGG, C.J., CROSBY, PIERCE, FIELD, & DONAHUE, JJ.

*Evidence*, Of conscious suffering, Presumptions and burden of proof.

The burden of proof that an injured person suffered consciously before death was not met by evidence of an act by him consistent equally with consciousness and with mere reflex muscular action.

Evidence that a girl, struck, dragged, and thrown from a trestle to sand and rocks below by a railroad train, while she was going down "reached up her two arms with her hands extended," did not warrant a finding that she suffered consciously after being struck by the train.

TORT. Writ in the Superior Court dated August 28, 1931.

The action was tried before *Cox*, J.

*R. J. Hartford*, for the plaintiff.

*F. B. Wallis*, for the defendant.

PIERCE, J. This is an action of tort in which the plaintiff seeks to recover damages for the alleged conscious suffering of his intestate, Philomena Allicia, caused by the alleged wilful, wanton and reckless conduct on the part of the defendant, its agents or servants, in the running, operating and managing of one of its trains. The defendant's answer is a general denial, and allegations that the plaintiff's intestate was not in the exercise of due care, that she was guilty of gross negligence, that she was trespassing upon the property of the defendant at the time of the accident, and that she was acting in violation of law. The defendant, at the close

of the evidence, seasonably filed a written motion for a
directed verdict in its favor. The judge allowed the motion
as to all counts except count 4. The case went to the jury
on count 4 under proper instructions, and the jury returned
a verdict for the plaintiff. Before the verdict was recorded,
the judge duly reserved leave to enter a verdict for the de-
fendant. The defendant filed a written motion asking that
a verdict be entered in its favor under the leave reserved.
The judge allowed the motion and ordered that a verdict be
entered for the defendant. The plaintiff duly excepted to
the allowance of the defendant's motion and to the order of
the judge that a verdict be entered for the defendant.

The bill of exceptions states that the pleadings and the
photographs of the locus marked as exhibits are made a part
of the bill, and that the bill contains all the material evi-
dence necessary to decide the questions of law raised by it.
In his brief the plaintiff states the questions of law, which
he presents to this court, to be as follows: "1. Is there
sufficient evidence in the case to sustain the verdict for the
plaintiff on the issue of wilful, wanton and reckless conduct
on the part of the defendant's operator of the train which
struck the plaintiff's intestate?" "2. Is there sufficient
evidence in the case to sustain the verdict for the plaintiff
on the issue of conscious suffering on the part of the plaintiff's
intestate?"

On the evidence most favorable to the plaintiff the jury
would have been warranted in finding that the intestate,
on June 24, 1931, was fifteen years of age; that at about
noon on that day she, with a girl companion, Catherine
Buttiglieri, crossed a field onto the location of the defendant's
railroad, and walked beside the tracks in the direction of
Lynn until they came to a trestle, across and upon which
the railroad tracks ran; that this trestle, which was sixty
feet long and twenty-two feet wide, was made up of ties,
spread six to eight inches apart, with no flooring beneath
them; that beneath the trestle were sand, rocks and water;
that at that point the girls went onto the railroad tracks
and started to cross the trestle; that the intestate was afraid
to cross and for a time held onto the coat of her companion

(Catherine) who preceded her; that later she let go of the coat and Catherine walked across the trestle; that while Catherine was crossing she heard the whistle of a train and saw the train approaching from Lynn on the tracks on which she was walking; that when she had crossed she again heard the whistle and bell of the approaching train; that the whistle blew two or three times at first and then the bell rang and kept ringing until after the train crossed the trestle; that when she turned around the first time after crossing the trestle the intestate was half way across the trestle, walking slowly and looking down at the tracks; that Catherine then turned and looked at the train again and saw the motorman was waving his hand to the intestate to get on the other track; that the train started to slow down when it was about half way between where the whistle blew and the trestle; that the train was slowing down when it passed Catherine; that the front step of the first car struck the intestate, who was half way across the trestle, and dragged her and threw her into the air; that she fell to the sand and rocks below; that the train went about four hundred feet after striking the intestate; and that while she was going down upon the sand and rocks she "reached up her two arms, with her hands extended."

We do not think the evidence warranted a finding that the impact was not likely to have rendered the intestate immediately unconscious, or that conscious suffering of the intestate was reasonably to be inferred from the fact that as she went through the air down to and upon the rocks below the trestle "she reached up her two arms, with her hands extended." This action is manifestly consistent both with conscious effort and with purely reflex action. The evidence of conscious action is at most speculative, and does not meet the burden of proof of conscious suffering which is upon the plaintiff, and without which there can be no recovery by the plaintiff. *Mears* v. *Boston & Maine Railroad*, 163 Mass. 150. *Royal Indemnity Co.* v. *Pittsfield Electric Co.* 293 Mass. 4, and cases cited.

The absence of proof of the alleged conscious suffering of the intestate makes it unnecessary to consider whether the

train which struck the intestate was then being operated in a wilful, wanton or reckless manner. See *Hillen* v. *I. C. I. (Alkali) Ltd.* [1936] A. C. 65, 70.

*Exceptions overruled.*