HENRY MELNIK, administrator, *vs.* JOSEPH PERWAK.

Franklin.   September 16, 1936. — October 28, 1936.

Present: RUGG, C.J., CROSBY, PIERCE, FIELD, & LUMMUS, JJ.

*Evidence*, Of conscious suffering.   *Negligence*, Causing death.   *Limitations, Statute of.*

The burden of proof that a person suffered consciously before death by accident was not sustained by evidence leading only to conjectures.

Under G. L. (Ter. Ed.) c. 229, § 5, conditions precedent to the existence of a cause of action for death resulting from negligent operation of a motor vehicle upon a public way are that both the appointment of the executor or administrator of the deceased and the commencement of the action occur within two years after the injury which caused the death, and within one year after the death.

Neither the fact that the defendant in an action under G. L. (Ter. Ed.) c. 229, § 5, for causing death fails to plead the defence that the action was not brought within the period specified in that statute, nor the fact that his conduct estops him from relying on that defence, relieves the plaintiff from proving compliance with the condition precedent that the action be brought within that period.

Section 12 of G. L. (Ter. Ed.) c. 260, postponing the operation of a statute of limitations where a person liable has fraudulently concealed a cause of action, did not apply in an action under G. L. (Ter. Ed.) c. 229, § 5, for death caused by negligence, where the death and all attendant circumstances, except the identity of the defendant, were known immediately, although the defendant successfully and fraudulently concealed his identity for more than the period within which the action should have been commenced.

TORT.   Writ in the District Court of Franklin dated May 24, 1935.

On removal to the Superior Court, the action was tried before *Collins*, J., who ordered a verdict for the defendant on each count of the declaration.   The plaintiff alleged exceptions.

*W. A. Davenport*, for the plaintiff.

*J. T. Connolly*, for the defendant.

PIERCE, J.   This is an action of tort brought by an administrator, in two counts, count 1 being under the death statute to recover for the death of his intestate and count

2 being to recover for alleged conscious suffering of said intestate.

There was evidence from which it might have been found that the intestate was struck by an automobile negligently operated by the defendant at about 11 P.M. on August 28, 1932; that about ten or fifteen minutes later the intestate was heard by a person ten or twelve feet away to emit a "pretty loud noise" which was like a "groan, moan or snore"; that at that time his heart was still beating; that the intestate "was lying with his head toward the road, and at a little angle toward the south, somewhat doubled up, his head eight or nine feet from the macadam"; that he was bleeding from his head; that about eighteen inches from his feet there was a pool of dried blood which was about six and one half feet from his head. The road was an eighteen-foot macadam road with a three-foot shoulder and ran about north and south. The medical examiner testified that in his opinion, based on what he saw when he arrived at the scene of the accident at about midnight, there was no conscious suffering; that his reason for such opinion was that he could not understand how a man with so extensive an injury to his brain could have had any consciousness whatever following the injury; and that in his opinion it was possible for a man with such an injury to have emitted one or more such sounds over a period of fifteen minutes.

On the evidence above recited describing the position of the intestate in relation to the pool of dried blood at his feet, the plaintiff contends that the jury would be warranted in inferring that the intestate, after he was struck, "had turned around and attempted to climb up the bank, and that he had gone a distance of his length, plus eighteen inches, towards the road, from where he first struck the ground" and that the "fact that he headed towards the road indicated consciousness." This suggestion of consciousness of the intestate after he was struck by the automobile is manifestly purely speculative. It does not meet the burden of proof of conscious suffering which is upon the plaintiff, without which proof there can be no recovery by the

plaintiff therefor. °*Allicia* v. *Boston, Revere Beach & Lynn Railroad*, 294 Mass. 488, 490, and cases cited.

It is agreed that the administrator was appointed on April 2, 1935, and that this action was brought May 24, 1935. Respecting count 1 for death it is to be noted that an action for wrongfully causing the death of another is not a common law action, but is purely a statutory right. It is to be further noted that when such right is given subject to certain conditions, failure to comply with the conditions is fatal to the existence of the right. A statute which requires an action to be brought within a specified time makes that time of the essence of the right, and when the time has passed not merely the remedy is barred but the right is gone. *Bickford* v. *Furber*, 271 Mass. 94. *Wescott* v. *Henshaw Motor Co.* 275 Mass. 82, 85. As above stated, the intestate died on August 28, 1932, and the action was commenced by writ dated May 24, 1935. The plaintiff seeks to recover under G. L. (Ter. Ed.) c. 229, § 5. Under that statute recovery may be had against one who negligently causes the death of another who is in the exercise of due care, the action to be brought within two years after the injuries which caused the death, "except as provided by" G. L. (Ter. Ed.) c. 260, § 4, which provides that ". . . actions of tort for bodily injuries or for death the payment of judgments in which is required to be secured by chapter ninety . . . shall be commenced only within one year next after the cause of action accrues." G. L. (Ter. Ed.) c. 90 is the motor vehicle and aircraft statute. The intestate died on August 28, 1932, and the cause of action accrued on that date. *Bickford* v. *Furber*, 271 Mass. 94, 97. The administrator, to recover for the death of the intestate due to the negligent operation of a motor vehicle upon the "ways of the Commonwealth," must show, as a condition precedent to the existence of such right of action, that he was appointed administrator and that he instituted suit within two years from the date of the injury causing the death, and within one year from the date of such death. The fact that a defendant in such an action may have failed to plead the statute of limitations, or by reason of his conduct may be estopped

from pleading it, in no way relieves the plaintiff from the burden of proving compliance with such condition precedent to the existence of his cause of action. *Bickford* v. *Furber*, 271 Mass. 94. *Wescott* v. *Henshaw Motor Co.* 275 Mass. 82. *Hutchinson* v. *H. E. Shaw Co.* 277 Mass. 115, 117, 118. Compare *DeCosta* v. *Ye Craftsman Studio Inc.* 278 Mass. 315, 319, 320.

G. L. (Ter. Ed.) c. 260, § 12, relating to fraudulent concealment of causes of action, is not applicable to an action where the fact is known and the right of action is limited by law.\*

In the case at bar the motion of the defendant for a directed verdict upon each count of the declaration was allowed rightly.

*Exceptions overruled.*