<hr />

SILVIO MARTINELLI, public administrator, *vs.* FLORENCE W. BURKE, public administrator.

ANTONIO GAGLIANO, administrator, *vs.* SAME.

SILVIO MARTINELLI, public administrator, *vs.* SAME.

SILVIO MARTINELLI, public administrator, *vs.* SAME.

Hampden.     May 24, 1937. — September 20, 1937.

Present: RUGG, C.J., FIELD, DONAHUE, LUMMUS, & QUA, JJ.

*Negligence,* Causing death. *Death. Actionable Tort. Statute,* Construction. *Words,* "Person."

Under G. L. (Ter. Ed.) c. 229, § 5, a right of action for causing death through negligence does not arise if the negligent person dies before the person whose death he causes.

Hardship or unintentional omission is not enough to cause a statute to be extended by construction beyond its fair import.

FOUR ACTIONS OF TORT. Writs in the Superior Court dated March 2 and 7, 1934.

After a verdict for the plaintiff in each action in the sum of $1,093.33, *Broadhurst*, J., reported certain questions to this court for determination. The defendant alleged exceptions to the denial of motions to amend the answers presented after the actions had been reported.

The cases were submitted on briefs.

*I. R. Shaw & J. M. Carroll*, for the defendant.

*E. S. Searle*, for the plaintiffs.

Qua, J. These are actions for death under G. L. (Ter. Ed.) c. 229, § 5. The plaintiffs' intestates were the wife and three minor children of the defendant's intestate and constituted his entire family. All, including the defendant's intestate, while riding in an automobile in Monson driven by the defendant's intestate, were killed without conscious suffering by a collision with a railroad train at a grade crossing due to the negligence of the defendant's intestate, the plaintiffs' intestates being in the exercise of due care. Of the five victims of the accident, the father, the defendant's intestate, died first. The trial judge has reported the questions whether the respective plaintiffs as administrators of the estates of the wife and of the minor children have rights to damages under the statute.

We need not decide whether in general the administrator of a wife or minor child can recover under the death statute against the estate of the husband and father. Here the father died first. The wording of the statute is, "a person who by his negligence or by his wilful, wanton or reckless act . . . causes the death of a person . . . shall be liable." It has been stated repeatedly that no cause of action arises until the actual occurrence of the death for which recovery is sought. *Wall* v. *Massachusetts Northeastern Street Railway*, 229 Mass. 506. *Putnam* v. *Savage*, 244 Mass. 83, 88. *Bickford* v. *Furber*, 271 Mass. 94, 97. *Wescott* v. *Henshaw Motor Co.* 275 Mass. 82, 85. *Hutchinson* v. *H. E. Shaw Co.* 277 Mass. 115. *Melnik* v. *Perwak*, 295 Mass. 512, 514. When that event took place in each of the cases at bar the "person" who, in the language of the statute, would "be liable" was himself dead. "It is axiomatic that a corpse is not a person." *Brooks* v. *Boston & Northern Street Rail-*

*way*, 211 Mass. 277, 278. A dead person cannot "be liable," nor can a cause of action arise against a person who does not exist. See *Fairbanks* v. *Kemp*, 226 Mass. 75, 78; *Miller* v. *Rosenthal*, 258 Mass. 368; *Partan* v. *Niemi*, 288 Mass. 111, 113; *Bateman* v. *Wood*, 297 Mass. 483, 485. There are no words in the statute which can be construed as creating a new cause of action against the administrator of the wrongdoer after his appointment. The actor himself and not his administrator is named as the "person" who is to "be liable." The administrator of the person killed is in a different position. The statute is explicit in granting to him the right to prosecute in behalf of the specified beneficiaries the cause of action which arose upon the death of his intestate. In reference to this same statute it was said in *Prondecka* v. *Turners Falls Power & Electric Co.* 238 Mass. 239, 243, "A statute cannot be extended by construction or enlargement beyond its fair import. If it does not reasonably include a right of action, none can be implied. The argument of hardship or unintentional omission is not enough." This is the common rule of statutory construction. *Commonwealth* v. *S. S. Kresge Co.* 267 Mass. 145, 148.

The conclusion is inescapable that none of the actions can be maintained. That result has been reached in the only cases which we have seen dealing with the precise question and is supported by the reasoning in cognate cases. *Beavers' Administratrix* v. *Putnam's Curator*, 110 Va. 713. *Hegel* v. *George*, 218 Wis. 327. *Willard* v. *Mohn*, 24 N. D. 390. *Clark* v. *Goodwin*, 170 Cal. 527. *Hamilton* v. *Jones*, 125 Ind. 176. *Bates* v. *Sylvester*, 205 Mo. 493. *Moe* v. *Smiley*, 125 Penn. St. 136. *Carrigan* v. *Cole*, 35 R. I. 162. *Johnson* v. *Farmer*, 89 Texas, 610.

This case must of course be distinguished from cases where the cause of action became complete in the lifetime of the wrongdoer. In such cases it survives under our statutes against his administrator. *Putnam* v. *Savage*, 244 Mass. 83, 88. But a cause of action which never came into existence cannot "survive."

The question raised by the bill of exceptions has become

immaterial.   The exceptions must be overruled, and in each case judgment must be entered for the defendant in accordance with the report.

*So ordered.*