Dwight Allison & another, administrators, *vs.*
James W. Sessa.

Middlesex.   December 7, 1938. — February 1, 1939.

Present: Field, C.J., Donahue, Qua, Dolan, & Ronan, JJ.

*Evidence*, Of conscious suffering.   *Practice, Civil*, Auditor: findings.

A hospital record stating that, during six days following admission of a
   plaintiff with a severe head injury and preceding his death, he at
   times "roused," was "more rational," kept his hand on his head, and
   at one time answered to his name and talked a·little, warranted a
   finding that he suffered consciously and an award of substantial dam-
   ages therefor.
Upon introduction of evidence warranting a finding of conscious suffer-
   ing by a plaintiff, a finding by an auditor, whose findings were not
   to be final, that there had been no conscious suffering ceased to have
   effect as *prima facie* evidence, and was to be weighed only as one piece
   of evidence on that issue.

Tort.   Writ in the Second District Court of Eastern
Middlesex dated July 29, 1936.

On removal to the Superior Court, the action was tried
before *Dowd*, J.

*D. H. Fulton*, for the defendant.

*R. J. Coffin*, for the plaintiffs, submitted a brief.

Dolan, J.   This is an action of tort brought by the
plaintiffs to recover for the death and conscious suffering
of their intestate.   The case was first tried before an auditor
who found for the plaintiffs on the count for death in the
sum of $2,000, and for the defendant on the count for
conscious suffering.   The case was thereafter tried to a
jury before whom the auditor's report and further evidence
were introduced.   At the close of the evidence the defendant
moved for a directed verdict on the count for conscious
suffering.   His motion was denied subject to his exception.
He thereupon requested the judge to instruct the jury
that "In any event, a jury would not be warranted in finding
in this case on a count for conscious suffering more than a

nominal verdict of one dollar." The judge refused so to instruct the jury and the defendant excepted. The jury returned a verdict for the plaintiffs on the count for death in the sum of $2,825, and in the sum of $1,130 on the count for conscious suffering.

The declaration alleges that the plaintiffs' intestate was struck and injured on March 19, 1936, by an automobile owned and operated by the defendant. The records of the hospital to which he was admitted were the only evidence presented bearing on the question of conscious suffering other than testimony of the intestate's nephew, hereafter referred to. Those records disclose that the intestate was admitted at 10 P.M. that day in a state of shock and unconsciousness. He was "bleeding from mouth and right temporal region from a deep laceration." His pulse was strong and of good quality. He was very quiet, then became restless, but could not be roused. He seemed to be in a semiconscious state. On March 20 he was "still unconscious at noon." He was very quiet and sleeping soundly. On March 21 he was sleeping, still unconscious, but "roused slightly" that day. That night he "roused slightly," and had visitors for a few minutes. On March 22 he was still unconscious. At night he was restless and then quiet. In the morning of March 23 he was very restless and groaned a lot, and that night, at six o'clock, he seemed "to be more rational." His pulse was strong and regular and he took fluid fairly well. He was restless and groaning and he tossed his arms about. During the day of March 24, he was quiet, had a fairly good day and at night was "turned on one side." He answered to his name and talked a little at 8:30 that morning. In the early morning of March 25, he kept his hand on his head. At about 11 A.M. he seemed "more rational." That night he seemed "very tired." He died the following day, at 8:23 A.M. His nephew visited him on three occasions at the hospital, and testified that the intestate "seemed to mumble and groan or something but he didn't know me."

While in the case at bar there was evidence which was consistent with unconsciousness, such as "moaning," "groan-

ing," tossing of arms and keeping "his hand on his head" by the intestate, there was also evidence tending to show consciousness on his part, such as that he was more rational on two different occasions, indicating at least some degree of consciousness, that he "roused" a little on two different occasions, from which also consciousness could be inferred, and that on one occasion he answered to his name and talked a little. In these circumstances we think it cannot be said as matter of law that the jury would not be warranted in finding that he suffered consciously after the accident. The cases of *Mears* v. *Boston & Maine Railroad*, 163 Mass. 150, and *Allicia* v. *Boston, Revere Beach & Lynn Railroad*, 294 Mass. 488, relied upon by the defendant are clearly distinguishable in the facts from the case at bar. In each of them death was almost instantaneous and the action of the intestate was wholly consistent with purely reflex action. Such was also said to be the case in *Royal Indemnity Co.* v. *Pittsfield Electric Co.* 293 Mass. 4, 9.

We cannot accept the contention of the defendant that, since the evidence bearing on the question of conscious suffering was almost entirely documentary, rather than oral, the jury could not find that the intestate had consciously suffered. Nothing is said in the case of *Battany* v. *Wall*, 232 Mass. 138, that can be construed to sustain such a contention.

The character, as *prima facie* evidence, of the only finding of the auditor bearing on that subject, to the effect that "there was no conscious suffering," was retained only until evidence was introduced that would warrant a finding to the contrary. Upon the introduction of such evidence in the case at bar that finding became only evidence, remained such throughout the trial, and was entitled to be weighed like all other evidence upon the question of fact to which it was related. *Cook* v. *Farm Service Stores, Inc.* 301 Mass. 564, 566, *et seq.* and cases cited. It was competent for the jury upon the evidence outside of the auditor's report to reach a conclusion different from that of the auditor. The motion for a directed verdict on the count for conscious suffering was properly denied.

The defendant's request that the judge instruct the jury that in any event they would not be warranted in finding "on a count for conscious suffering more than a nominal verdict of one dollar" was also properly denied. Since there was evidence that would warrant a finding on this count in some amount, the submission of the question of damages to the determination of the jury was required. *Hathaway* v. *Cronin*, 301 Mass. 419, 421. See *Sarhanis* v. *Young*, 301 Mass. 571, 572.

*Exceptions overruled.*