LUCINDA SILVA, administratrix, *vs.* THERESA KEEGAN,
administratrix.

Berkshire. September 19, 1939. — November 28, 1939.

Present: FIELD, C.J., DONAHUE, QUA, DOLAN, & COX, JJ.

*Actionable Tort. Negligence,* Causing death. *Survival of Action. Death.*

Evidence, merely that, shortly after a collision involving an automobile, the operator was lying in the road dead and a passenger was alive and injured, did not warrant a finding that the passenger was injured before the operator died.

Under the law of the State of New York as presented to this court, an action for causing conscious suffering or death through negligence in 1937 could not be maintained if it were not shown that the negligent person was living at the time of the injury to the plaintiff's decedent.

TORT. Writ in the District Court of Central Berkshire dated September 13, 1937.

On removal to the Superior Court, the action was tried before *Dillon,* J., who ordered a verdict for the defendant.

*F. deL. Cunningham,* (*P. J. Genovese* with him,) for the plaintiff.

*C. R. Brooks,* for the defendant.

QUA, J. This action is for both death and conscious suffering of the plaintiff's intestate, John A. Silva, alleged to have been caused by negligence of the defendant's intestate, Joseph W. Keegan, while Silva was riding as a guest passenger in an automobile driven by Keegan at New Lebanon in the State of New York on July 20, 1937. Both Silva and Keegan were residents of this Commonwealth.

There was evidence that Keegan drove so fast around a curve that he was unable to stay on his own side of the road, and that he "tipped" and "swung" to his left and collided with a truck which was being driven properly in the opposite direction. Both Silva and Keegan died as a result of the accident. The trial judge directed a verdict for the defendant on the ground that there was no evidence that Keegan

was still alive at the moment of the injury to Silva and therefore no evidence that any cause of action for either death or conscious suffering arose against Keegan in his lifetime which could survive his death.

It is conceded that Keegan died at the scene of the accident, and that Silva died several hours afterwards at Pittsfield. The only evidence bearing upon the injuries to Keegan and to Silva was that shortly after the crash Keegan was lying in the road dead, and that Silva got out of the automobile and was bleeding and giving indications of pain. This evidence does not disclose the nature or the relative times of the applications of violence to the persons of Keegan and Silva. The mere facts that Keegan's body was out of the automobile while Silva was still in it furnish no solid basis for an inference that Silva was injured before sudden death overtook Keegan. If the accident had occurred in this Commonwealth the case would have been governed by *Martinelli* v. *Burke*, 298 Mass. 390, and the ruling of the trial judge would have been right. See now, however, G. L. (Ter. Ed.) c. 229, § 5A, inserted by St. 1938, c. 278, § 1.

But the plaintiff contends that a different result should be reached under the statutes of New York. Our attention is called to §§ 118, 119, and 130 of the Decedent Estate Law, Consolidated Laws of New York, 1930 edition, c. 13, as amended by chapter 795 of the Laws of 1935. Section 130 creates the right of action by an executor or administrator for wrongful act, neglect or default causing death "against a natural person who, or a corporation which, would have been liable to an action in favor of the decedent by reason thereof if death had not ensued." In this case it is not shown that Keegan "would have been liable to an action in favor of" Silva if Silva had not died, because it is not shown that Keegan was a living person against whom a cause of action could arise when Silva was injured. Moreover Keegan was dead and therefore was not "a natural person" when Silva died. Section 118 provides for the survival of actions and causes of action after the death of "the person liable for the injury," while § 119 provides for the survival of actions and causes of action after the

death of the "person in whose favor the cause of action existed." Neither § 118 nor § 119 seems to us intended to create a new cause of action after the death either of the wrongdoer or of the person wronged. Both sections assume that a cause of action has arisen against a "person liable" under some other law or statute and merely provide for the continuance of that cause of action after death. The "deceased person" against whose executor or administrator an action may be brought or continued under § 118 is the "person liable," whose death is referred to in the preceding sentence. If no cause of action has arisen against a living "person liable" there is nothing upon which either of these sections can operate.

No statute or decision in New York has been called to our attention which seems to us to permit a conclusion any different from that which we reached in *Martinelli* v. *Burke*, 298 Mass. 390. On the contrary the cases of *Kwiatkowski* v. *John Lowry, Inc.* 276 N. Y. 126, and *Fontheim* v. *Third Avenue Railway*, 257 App. Div. (N. Y.) 147, although not decisive, appear to lend some support to our views.

*Exceptions overruled.*