OSCAR J. LEBARON *vs.* GILBERTO MONI.

JUNE 20, 1933.

PRESENT: Stearns, C. J., Rathbun, Sweeney, Murdock, and Hahn, JJ.

HAHN, J. This is an action of assumpsit brought to recover the balance due to the plaintiff on an account for twenty-one carloads of grapes sold and delivered by him to the defendant. On November 15, 1927, after trial in the Superior Court, the jury returned a verdict for the plaintiff in the sum of $5,920.38. Immediately following the verdict it was ascertained that the plaintiff had died in California on October 9, 1927, and that thereafter, on November 4, 1927, Lora LeBaron, H. C. LeBaron and J. Paul LeBaron duly qualified as executors under the will of the deceased in the Superior Court for the County of Sonoma in California.

Thereupon, the defendant filed a motion to vacate the verdict on the ground that, the plaintiff having died on October 9, 1927, there was, at the time of the commencement of and throughout the trial and rendition of verdict, no proper party before the court, inasmuch as no executor or administrator of the said Oscar J. LeBaron had been made party to this suit. Thereafter there was filed in behalf of the plaintiff a motion requesting that the executors under the will of the plaintiff be substituted as the parties plaintiff in said action; that the writ and declaration be amended by substituting for the words "Oscar J. LeBaron" the words "Lora LeBaron, H. C. LeBaron and J. Paul LeBaron, executors under the will of Oscar J. LeBaron, late of Healdsburg, California, deceased" and that said substitution be allowed as of a date certain preceding the date of the trial of said cause.

Both these motions were heard at the same time by a justice of the Superior Court who granted the defendant's motion to vacate and set aside the verdict and denied the motion in behalf of the plaintiff to substitute said executors as parties plaintiff as of a date certain preceding the trial "as a matter of law and not as a matter of discretion." Said justice further ordered that said executors be made parties plaintiff as of the date December 21, 1927.

The case is before this court on the exceptions of the present plaintiffs to the entry of this order. Two questions are raised: (1) Did the Superior Court err in granting the defendant's motion to vacate and set aside the verdict of the jury because of the death of the plaintiff? (2) Did the Superior Court err in refusing to grant the executors' motion to amend the writ and declaration, as above set forth, as of a date prior to the date of the trial of said action?

Both questions must be answered in the affirmative.

Section 23, Chapter 333, G. L. 1923, provides, among other things, that no action shall be defeated by the nonjoinder of parties and that new parties may be added and summoned in at any stage of the cause, as justice may require, in the discretion of the court and upon such terms as the court may order.

Section 5, Chapter 369, G. L. 1923, provides that: "In case any action, suit or proceeding is commenced or shall be pending in any court, and either party shall die before final judgment, the executor or administrator of such deceased person, or his successor in case the deceased was acting in a representative capacity, may, if the cause of action survives, prosecute or defend such action, suit or proceeding to final judgment."

Under the above-quoted statutes the Superior Court was empowered to grant the motion to substitute plaintiff's executors as parties plaintiff, as of a date preceding the date of trial but after the date of their appointment, and to allow the amendment of the writ and declaration in conformity therewith.

Justice in the instant case requires that such procedure be followed. The testimony of the plaintiff himself and—with one exception—of all his witnesses was taken in California long before the trial day in the form of depositions, the defendant being represented by counsel by whom the plaintiff and his witnesses were subjected to cross-examination, as is shown .by these depositions. Said depositions conformed to our statutes providing for the taking of depositions, and the defendant—it appears from the record—left nothing undone to bring before the court all facts tending to show the validity of his defense.

A *nunc pro tunc* order should be granted or refused as justice may require in view of the circumstances of the particular case. *Mitchell* v. *Overman*, 103 U. S. 62. The decisions refusing to permit substitution *nunc pro tunc* after verdict, in the case of the death of a party, proceed on the theory that the rights of the opposing party have been prejudiced or that the representatives of the deceased have not had proper opportunity of protecting the interests of the deceased. Such is not the situation of the parties in the instant case, where the rights of both sides appear to have been fully protected and where a retrial would serve no useful purpose.

The argument of the defendant—that there can be no appearance for a deceased party—is a mere technicality. Courts will pass upon the questions submitted and hear suggestions as to their merits from an attorney who is an officer of the court. *Kelley* v. *Riley*, 106 Mass. 339.

The plaintiff's exceptions are sustained and the case is remitted to the Superior Court for the entry of an order of substitution of parties plaintiff at a date subsequent to their appointment as executors and previous to the trial in the Superior Court, and thereafter for the revocation of the order of the Superior Court entered on the twenty-first day of December, 1927, and for further proceedings.

*Joseph W. Grimes, James O. McManus, Frederic J. Muldoon* (of Massachusetts Bar) for plaintiff.

*Pettine, Godfrey & Cambio,* for defendant.