JOHN GALLO *vs.* GEORGE T. FOLEY, administrator.

Worcester.    November 12, 1936. — December 29, 1936.

Present: RUGG, C.J., PIERCE, FIELD, DONAHUE, & QUA, JJ.

*Limitations, Statute of. Executor and Administrator*, Limitation of actions.

An action of tort against the administrator of the estate of the operator of a motor vehicle for personal injuries within the coverage of a policy of compulsory motor vehicle liability insurance was premature under G. L. (Ter. Ed.) c. 260, § 10; c. 197, § 1, where the operator had died within a year after causing the injuries and the action was brought less than six months after the administrator qualified; the plaintiff's claim was not one which "would not be affected by the insolvency of the estate" within the exception in said § 1.

TORT.    Writ in the Superior Court dated January 6, 1933.

The action was heard without a jury by *Baker*, J., who found for the plaintiff in the sum of $4,362.50. The defendant alleged exceptions.

The original answer of the defendant was filed on Feb-

ruary 14, 1933. The action was referred to an auditor on April 16, 1935. The amendment to the answer, referred to in the last paragraph of the opinion, was filed on April 16 and allowed on April 23, 1935. The auditor's report was filed on May 9, 1935.

*C. C. Milton,* for the defendant.

*F. P. McKeon,* for the plaintiff, submitted a brief.

QUA, J. This is an action of tort for personal injuries sustained by the plaintiff as a result of being struck by an automobile driven by one Ashton, the defendant's intestate. The sole issue is whether the action was prematurely brought against the administrator.

The accident occurred January 13, 1932. Ashton died May 14, 1932. The defendant qualified as administrator by giving bond January 4, 1933. The writ was dated January 6, 1933, and was served on the defendant January 7.

G. L. (Ter. Ed.) c. 260 deals in general with the limitation of actions, classifying different types of actions in groups for which varying periods of limitation are prescribed. Section 4 provides that "actions for libel and actions of tort for bodily injuries or for death the payment of judgments in which is required to be secured by chapter ninety . . . shall be commenced only within one year next after the cause of action accrues." This action is one the payment of the judgment in which is required to be secured under the compulsory insurance provisions of c. 90. G. L. (Ter. Ed.) c. 90, §§ 1A, 34A–34J. Hence the plaintiff would have been obliged to bring his action within one year after January 13, 1932, if Ashton had lived that long. But Ashton died in May, 1932, and § 10 of c. 260 provides that "If a person . . . liable to any action before mentioned dies before the expiration of the time hereinbefore limited, or within thirty days after the expiration of said time, and the cause of action by law survives, the action may be commenced . . . against the executor or administrator in accordance with the limitations provided by chapter one hundred and ninety-seven, relative to the limitation of actions against the executor or administrator by creditors of the deceased." Turning then to c. 197, we find that § 1

provides that "An executor or administrator shall not be held to answer to an action by a creditor of the deceased commenced within six months after his giving bond for the performance of his trust, unless such action is brought for the recovery of a demand which would not be affected by the insolvency of the estate . . .," and § 9 provides that "an executor or administrator . . . shall not be held to answer to an action by a creditor of the deceased which is not commenced within one year from the time of his giving bond," with some further qualifications not here material.

From the foregoing summary of the applicable statutes it is apparent that the plaintiff could have brought his action against Ashton at any time between the happening of the accident on January 13, 1932, and Ashton's death on May 14, 1932. Thereafter he could bring no action until six months after the qualification of the administrator, which took place January 4, 1933. This six months' period did not expire until July 4, 1933. After that date he could sue the administrator up to January 4, 1934. This action was brought within six months after the administrator gave bond. It was therefore prematurely brought, unless it was "brought for the recovery of a demand which would not be affected by the insolvency of the estate" and so came within the exception contained in G. L. (Ter. Ed.) c. 197, § 1, hereinbefore quoted. But this exception is intended to apply to preferred claims such as the expenses of the last sickness and funeral, taxes and some others. *National Bank of Troy* v. *Stanton,* 116 Mass. 435. See G. L. (Ter. Ed.) c. 198, §§ 1, 31; *Taylor* v. *Whitcomb,* 192 Mass. 555, 557; *Breen* v. *Burns,* 280 Mass. 222, 226. A claim to recover damages in tort has none of the characteristics of a preferred claim.

The classification of claims under the statute is not affected by the fact that the administrator's inventory discloses no assets in the estate, nor by the fact that the claim is secured under the compulsory insurance law. A claim is to be classified according to the nature of the claim itself. Its status must be capable of determination once and for all at the time when action or proceeding for its enforce-

ment is brought, and that status must be fixed upon grounds which are not subject to change by such circumstances as the subsequent ascertainment of the existence or absence of assets or the possible failure of security which when suit was brought may have seemed sufficient. There is nothing in the compulsory motor vehicle insurance law which gives tort claims arising out of a motor vehicle accident the standing of preferred claims in relation to the settlement of the estate of a deceased person. The right of the person injured to avail himself of the insurance is ancillary to his original and primary right of action against the tortfeasor against whom, or whose estate, the plaintiff must first establish his claim in the methods and subject to the limitations provided by law. *Mathewson* v. *Colpitts*, 284 Mass. 581, 585. G. L. (Ter. Ed.) c. 175, §§ 112, 113. G. L. (Ter. Ed.) c. 214, § 3 (10). *Bruyette* v. *Sandini*, 291 Mass. 373, 377. See *Lorando* v. *Gethro*, 228 Mass. 181, 184; *Enman* v. *Trustees of Boston University*, 270 Mass. 299; *Commissioner of Insurance* v. *Bristol Mutual Liability Ins. Co.* 279 Mass. 325. Moreover in this case the *ad damnum* in the plaintiff's writ was $10,000. There is nothing to show that the insurance coverage was for more than the required $5,000. Although the actual finding for the plaintiff was for slightly less than $5,000, it might have been for more, and when the suit was brought it could not have been ascertained that the plaintiff's claim was even ostensibly secured to an amount large enough to relieve the estate.

*Bickford* v. *Furber*, 271 Mass. 94, is not in conflict with the present decision. That was an action for death. The right of action was created wholly by statute, and the statute which created it prescribed the time for bringing suit. This time requirement was therefore a limitation upon the right itself and was not merely the fixing of a limit beyond which an action could no longer be brought. What is now G. L. (Ter. Ed.) c. 260, § 10, from which we have hereinbefore quoted, did not apply to that case because "a special provision" was "otherwise made" within the meaning of § 19 of that chapter, such special provision

being found in the peculiar requirements of the amended death statute. The present action for personal injury rests upon the common law and was not created by statute. Statutory limitations as to time here affect the remedy rather than the right, *Castaline* v. *Swardlick*, 264 Mass. 481, 484, and as there is no "special provision" "otherwise made," G. L. (Ter. Ed.) c. 260, § 10, applies, with the result of subjecting this case to the provisions of c. 197. *De Costa* v. *Ye Craftsman Studio Inc.* 278 Mass. 315. Compare *Wescott* v. *Henshaw Motor Co.* 275 Mass. 82; *Melnik* v. *Perwak*, 295 Mass. 512.

The defendant as administrator did not waive the statutory limitation by failing to plead it as a part of his original answer. *Nochemson* v. *Aronson*, 279 Mass. 278, 282. He could set it up, as he did, by a subsequent amendment, allowed by the judge.

> *Exceptions sustained.*
> *Judgment for the defendant.*