**Maurice CHORNEY**

v.

**Charles E. CALLAHAN, Jr., Administrator of the Estate of Charles E. Callahan.**

**Civ. A. No. 53–302–F.**

United States District Court
D. Massachusetts.
Oct. 19, 1955.

Max S. Ficksman, Morris Michelson, Boston, Mass., for plaintiff.

Merritt J. Aldrich, Thomas H. Mahony, Boston, Mass., for defendant.

FORD, District Judge.

Plaintiff brings this action to recover for personal injuries suffered in a motor vehicle accident on March 17, 1952, allegedly caused by the negligence of Charles E. Callahan. The action was commenced by the filing of a complaint in this court on March 13, 1953, in which said Callahan was named as defendant. Service upon the named defendant was attempted but never made, since he had in fact died on January 11, 1953.

On April 1, 1953 plaintiff filed a suggestion of death of defendant and a motion to amend by substituting Charles E. Callahan, Jr., administrator of the estate of Charles E. Callahan, as defendant. This motion was allowed, without opposition, on April 13, 1953. Charles E. Callahan, Jr., had been appointed and qualified as such administrator in the Norfolk County Probate Court on February 4, 1953. Summons in this action was served upon him on April 24, 1953. Defendant-administrator appeared and filed an answer to the complaint. He now moves to be allowed to file a motion to dismiss late, to amend his answer to set up the defenses that the action is premature and a nullity, and for summary judgment.

As originally filed, this action was brought against a named defendant who was already dead. At that point the purported action was a nullity, for a dead man obviously cannot be named party defendant in an action. Chandler v. Dunlop, 311 Mass. 1, 5, 39 N.E.2d 969. Cf. Pasos v. Eastern S. S. Co., D.C., 9 F.R.D. 279 (named plaintiff dead when complaint was filed). Hence the attempted substitution of the administrator was ineffective as such. There was no action really existent in which he could be substituted. Rule 25(a) (1) of the Federal Rules of Civil Procedure, 28 U.S.C.A., provides:

"(1) If a party dies and the claim is not thereby extinguished, the court within 2 years after the death may order substitution of the proper parties. * * *"

This clearly contemplates substitution for a party, i. e., for someone who had been made a party to the action before his death. Cf. Chandler v. Dunlop, supra, where a similar result was reached under Mass.G.L. ch. 228, § 4. The amendment allowed on April 13, 1953 was not a substitution of a successor defendant, but the naming for the first time of a legally existent defendant. It was in effect the commencement of a new action against defendant-administrator.

The capacity of defendant to be sued is to be determined in accordance with Massachusetts law. Federal Rules of Civil Procedure, Rule 17(b). Mass. G.L. ch. 197, § 1, provides:

"*Executor, etc., not liable to action for six months after giving bond.*

"An executor or administrator shall not be held to answer to an action by a creditor of the deceased commenced within six months after his giving bond for the performance of his trust, unless such action is brought for the recovery of a de-

mand which would not be affected by the insolvency of the estate or, after the estate has been represented insolvent, for the purpose of ascertaining a contested claim."

The defendant qualified as administrator on February 4, 1953. Whether this action is regarded as being commenced against him at the time he was made a defendant by the allowance of the amendment on April 13, 1953 or whether the amendment is regarded as dating back to the filing of the original complaint on March 13, 1953, the action was clearly begun within the six-month period when no action could be brought against him. The case is clearly governed by Gallo v. Foley, 296 Mass. 306, 5 N.E.2d 425. That was also a personal injury action arising out of an automobile accident in which the action against the administrator was begun within six months after his qualification. Judgment was ordered for defendant on the ground that the suit was prematurely brought. A similar result was reached in White v. Cormier, 311 Mass. 537, 42 N.E.2d 256.

Plaintiff contends that since defendant did not raise these matters in his original answer or otherwise until the one-year statute of limitations on actions against an administrator had run, Mass.G.L. ch. 197, § 9, he should not be allowed to amend his answer and should be estopped from setting up the defenses relied upon in his present motion. This contention must be rejected. In Gallo v. Foley, supra, it was held that defendant was properly allowed to set up a similar defense by an amendment filed more than two years after the original answer. Garber v. Hirsh, 225 Mass. 422, 114 N.E. 670, cited by plaintiff, presented a different situation. In that case it was held that the administrators of the original defendant, who appeared voluntarily to suggest defendant's death and asked to be allowed to defend, could not later defeat plaintiff's rights by withdrawing after the statute of limitations had run.

Defendant's motions to amend his answer and for late filing of his motion to dismiss are allowed. Defendant's motion for summary judgment is allowed, and the action is dismissed.