**286 A.2d 246.**

ARTHUR M. LESCARBEAU, JR. *vs.* MORELO RODRIGUES.

JANUARY 20, 1972.

PRESENT: Roberts, C. J., Paolino, Powers, Joslin and Kelleher, JJ.

KELLEHER, J. On October 27, 1965, the plaintiff (Les-Carbeau), a resident of East Providence, owned and operated a motor vehicle which was involved in an intersectional collision with another motor vehicle owned by Morelo Rodrigues (Rodrigues) and driven by his wife, Alice Rodrigues. The collision occurred on a public highway located in the city of Providence. The Rodrigues lived in Seekonk, Massachusetts. LesCarbeau instituted this suit in April 1966 against Rodrigues pursuant to the substitute service provisions of G. L. 1956, chap. 7 of title 31. Service was made upon the Registrar of Motor Vehicles and notice of such service and a copy of the process was duly sent to Rodrigues at his Seekonk address. The case was answered by a Rhode Island counsel. The record shows that the litigants took advantage of the discovery processes available under the new Rules of Civil Procedure of the Superior Court. Interrogatories and replies thereto were filed by both parties.

Rodrigues died on August 9, 1969. A suggestion of his death was made in the record by his counsel on November 5, 1969 and a copy of this notice was furnished to LesCarbeau's attorney. On November 24, 1969, plaintiff's attorney wrote to Rodrigues' daughter. She lived at home with her parents. The daughter was informed that, unless she took steps to have an administrator appointed in her father's estate and have the administrator join the Rhode Island action, steps would be taken to have "some 3rd party appointed as administrator."

The Rodrigues family (the mother and daughter) have evidenced no desire to institute probate proceedings. In March 1971, a motion was filed by a Rhode Island counsel asking that this action be dismissed because of LesCarbeau's failure to have an administrator appointed who could be substituted in place of the deceased. A hearing on the motion was held before a Superior Court justice

and thereafter an order was entered which granted the motion unless LesCarbeau, within the ensuing six months, had obtained the appointment of an administrator or executor who could be substituted as the party defendant.

This appeal is governed by Super. R. Civ. P. 25(a)(1). It reads as follows:

> "If a party dies and the claim is not thereby extinguished, the court may order substitution of the proper parties. The motion for substitution may be made by any party or by the successors or representatives of the deceased party and, together with the notice of hearing, shall be served on the parties as provided by Rule 5 and upon persons not parties in the manner provided in Rule 4 for the service of a summons. If no motion for substitution is made the action shall be subject to dismissal under Rule 41 (b)."

LesCarbeau first stresses that portion of the rule which states that a motion for substitution may be made by a successor or representative of the deceased litigant and he then points out that Rodrigues' death terminated the authority of his local counsel to file the March 1971 motion for dismissal. Consequently, he urges us to vacate the dismissal order. In making this contention, he refers us to *Rende* v. *Kay*, 415 F.2d 983 (D. C. Cir. 1969). There, as here, the suggestion of death and the subsequent motion were made by the attorney who had been retained by the deceased to defend the action. The Court of Appeals ruled that the attorney was not a "representative" of the deceased party within the contemplation of Fed. R. Civ. P. 25(a)(1) and refused to invoke the rule unless those who represent or inherit from the deceased when they suggest the litigant's death, at the same time identify the representative who may be substituted as a party in place of the deceased. We have no quarrel with the court's finding relative to the termination of the attorney's agency. We do believe, however, that the conclusion reached in *Rende*

stems from a provision present in Federal Rule 25(a)(1) which is not found in our rule. The Federal proviso specifically states that unless a motion for substitution is made not later than 90 days after the suggestion of death has been made, the action shall be dismissed as to the deceased party. Super. R. Civ. P. 25(a)(1) does not contain any such trigger.

A suggestion of death made in the Superior Court triggers nothing except to alert the court that rigor mortis may be setting in on a case which has a pending status. Even though the proposition that the death of a client terminates the attorney's authority to act is absolutely correct, in the circumstances of the case at bar it is a technicality which overlooks the fact that courts can pass upon questions raised and listen to suggestions as to their disposal from an attorney who is an officer of the court. *LeBaron* v. *Moni*, 53 R. I. 385, 167 A. 108 (1933).

The trial justice could not close his eyes to the fact that LesCarbeau, despite his letter to the deceased's daughter, has done absolutely nothing to initiate probate proceedings in Massachusetts. At oral argument, his counsel put this appeal in its proper focus when he asked why should his client be forced to go to Massachusetts and expend the funds necessary to commence probate proceedings. This is truly a rhetorical question.

Rule 25(a)(1) speaks of dismissal. The only individual who is injured by a dismissal is a plaintiff. It is of no moment to the deceased defendant or his heirs or successors. Neither the estate nor the heirs are under any obligation to take any positive steps in the premises. There is no reason why the Rodrigues' family should incur the expense of a probate proceeding which would benefit only LesCarbeau. It is a basic common-law principle that if a party dies before a verdict or decision is rendered in an action against him, the action abates as to him and must

be dismissed unless it is revived by substituting his personal representative. *Anderson* v. *Yungkau*, 329 U. S. 482, 67 S.Ct. 428, 91 L.Ed. 436 (1947); *Iovino* v. *Waterson*, 274 F.2d 41 (2d Cir. 1959); *In re Estate of Einstoss*, 26 N.Y.2d 181, 257 N.E.2d 637 (1970). When, however, there is no attempt to revive the action, the court lacks jurisdiction to enter any judgment against the deceased. *See Pendleton* v. *Russell*, 144 U. S. 640, 12 S.Ct. 743, 36 L.Ed. 574 (1892). It should be noted that procedure for revival of an action by substitution of the personal representatives is not a mere technicality but rather it is the sole means by which the court obtains jurisdiction over the personal representative. Rule 25(a)(1) requires that service of notice of the motion upon the newly substituted party be made "in the manner provided in Rule 4 for the service of a summons."

LesCarbeau's reluctance to spend money for the appointment of an administrator is understandable. However, in this day of interstate travel, there can be no guarantee that a Rhode Island motorist will be involved in a collision with only Rhode Islanders. The law cannot assure a penurious plaintiff of an all-expense paid trip through the judicial processes. The record shows that LesCarbeau claims damages for pain and suffering together with some $400 in special damages. If he does not wish to expend a modest sum to further his claim, that is his business. However, once the action is filed, it becomes the court's business. We have said it before but it bears repeating. The common goal of litigants, bar, and bench must be the prompt and expeditious disposition of litigation. *Home Insurance Co.* v. *Sormanti Realty Corp.*, 102 R. I. 187, 229 A.2d 296 (1967). Cases cannot be filed and then permitted to stay in a perpetual state of limbo. The record shows that, despite the death of Rodrigues and LesCarbeau's intransigent attitude, the case at bar now stands assigned

to the jury trial calendar for February 1, 1972. This comes about because in January 1971 local counsel for the deceased made a motion that the case be assigned to the jury calendar for February 1, 1972 and the plaintiff's counsel made no effort to oppose this motion. Such cluttering of a calendar only underscores the *urgency* for a willingness on the part of all to make every effort to follow through on litigation so that it can be terminated. Only then can dockets be cleared for those cases which are truly in a ready status.

The plaintiff's appeal is denied and dismissed.

*Kenneth M. Beaver,* for plaintiff.

*Martin M. Zucker,* for defendant.