DECISION
Before the Court is the motion of the plaintiff, David M. Fleury, to adjudge defendant, Cheryl A. Delfino, in contempt of this Court's Order entered nunc pro tunc November 14, 1995, effective June 3, 1994. Said Order instructed the defendant to withhold a sum of money, $21,700, from the proceeds of the sale of certain real estate and place it in an escrow account pending further Order of this Court.
Facts/Travel
The facts giving rise to this proceeding involve a contract, executed on June 4, 1990, between plaintiff and defendant, for legal services to be performed by plaintiff in connection with the defendant's divorce action in Rhode Island Family Court. After plaintiff performed such legal services and after application of all monies received and credits due to defendant, there remained a balance due of $19,295.70. Plaintiff made several demands for payment, but none was received. As a result, plaintiff filed a complaint in Providence Superior Court to recover said fees.
In conjunction with the aforementioned complaint, and pursuant to Superior Court Rule of Civil Procedure 4(j), plaintiff also moved the Court for an Order attaching certain real estate owned by the defendant. The motion was heard on June 3, 1994. Defendant was present at the motion and represented by counsel. By agreement of the parties, the motion to attach was granted. Defendant's counsel drafted an Order and forwarded it to plaintiff's counsel for review. Plaintiff's counsel reviewed the Order and spoke with defendant's counsel regarding the terms and language used. The final Order read:
 "That the Plaintiff's Pre-Judgment Motion to Attach be and it hereby is granted up to but not exceeding the amount of Twenty-one Thousand, Seven Hundred and 00/100 ($21,700.00) Dollars.
 That should the real estate in question be sold prior to the resolution of the within matter, then the sum of Twenty-one Thousand, Seven Hundred and 00/100 ($21,700.00) Dollars will be withheld at the closing on said real estate and deposited into an escrow account by Mary A. Donnelly, Attorney at Law, and Sheldon R. Scoliard, Esq., the attorneys for the Plaintiff and the Defendant respectively, to be distributed upon further order of this Court.
 That the Plaintiff shall furnish to the Defendant forthwith an itemized statement of account showing all charges and credits."
Counsel for the defendant stated he would forward the Order to the Superior Court for entry.
Sometime thereafter, however, plaintiff became aware that no such Order was received by the Court. On June 3, 1995 plaintiff motioned the Court to enter the Order nunc pro tunc, effective June 3, 1994. Oral arguments on the nunc pro tunc Order were heard, the motion was granted, and the original Order was entered effective June 3, 1994.
Sometime after the June 3, 1994 agreement, but prior to November 14, 1995 entry of the nunc pro tunc Order, plaintiff discovered that on or about July 1, 1994, defendant had transferred interest in certain real estate subject to the Order. In consideration of the transfer, defendant received a payment of $16,000.00 in cash and a mortgage in the amount of twenty thousand $20,000.00. Defendant did not place the funds in escrow as was required by the terms of the parties' agreement. Therefore, plaintiff made an additional motion and asked the Court to hold defendant in willful contempt.
On January 23, 1996, this Court heard arguments from both parties, as well as testimony from the defendant, on plaintiff's motion to adjudge the defendant in contempt of this Court's Order.
The plaintiff essentially argues that the defendant had knowledge of the terms of the Order and her obligations thereunder. Plaintiff asserts that by taking the $16,000.00 cash payment and the $20,000.00 mortgage as consideration for the transfer of the real estate, plaintiff knowingly violated an Order of this Court. Alternatively, defendant asserts that because the Order was entered nunc pro tunc over a year after the original hearing, she had no notice of the terms of the Order at the time she transferred the property and therefore should not be adjudged in contempt of its provisions. Furthermore, defendant argues that she is not in violation of the nunc pro tunc Order because plaintiff did not comply with the statutory requirements for attachment and her selling the real estate was consistent with a valid Family Court Order.
Nunc Pro Tunc Order
In order to adjudge defendant in contempt, this Court must first determine whether the Order she is alleged to have violated was in fact enforceable. To be enforceable by contempt proceedings, an Order should be clear and unambiguous and certain in its terms so as to be sufficient to enable one reading it to discern what she or he may or may not do. School Committee ofNorth Providence v. North Providence Federation of Teachers,Local 920, 468 A.2d 272, 276 (R.I. 1983). Furthermore, it must be demonstrated that the alleged contemnor had advance notice of the Order and is aware that it is directed at him/her. ProjectB.A.S.I.C. v. Kemp, 947 F.2d 11, 17 (1st Cir. 1991).
In the instant matter, the Order entered was entered nunc protunc. The function of an Order entered nunc pro tunc is to record an Order actually made which through some oversight or inadvertence, was never entered on the records of the Court, or was incorrectly entered. 56 Am. Jur.2d § 44. An Order nunc protunc does nothing more than supply a record of something that was actually done at a time to which it is retroactive. Id. "A nuncpro tunc Order should be granted or refused as justice may require in view of the circumstances of a particular case."LeBaron v. Moni, 53 R.I. 385, 388, 167 A. 108, 109 (1933).
The facts before this Court indicate that the original Order resulted from an agreement reached between plaintiff and defendant at a June 3, 1994 hearing at which counsel for both parties, as well as defendant, were present. Upon leaving the courthouse, counsel for the defendant stated that he would prepare the Order. A copy of said Order was forwarded to plaintiff's counsel for review and approval. Thereafter, an agreement was reached by both parties with regard to the language to be utilized. Defendant's counsel stated that he would prepare the final Order and forward it to the Court for entry. For whatever reason, the Order was never received or entered into the record by the Court.
In view of these facts, this Court finds that the agreement, which was intended to be effective June 3, 1994, was never entered on the records of the court "through some oversight or inadvertence." As such, it is entirely proper to enter the ordernunc pro tunc, effective June 3, 1994 and furnish the record with "something that was actually done."
Furthermore, it should be noted that the original Order reflects a consent agreement voluntarily entered into by both plaintiff and defendant. At the time the agreement was reached, defendant was present and represented by counsel. Said counsel participated in drafting the decision and offered to file a final copy with the Court. Therefore, this Court finds that defendant did have "advance notice" of the Order and its requirements such that an entry nunc pro tunc does not serve to unduly prejudice her rights.
Civil Contempt
Having determined the Order to be enforceable, the next issue before this Court is whether the defendant should be adjudged in contempt of that Order. "It is well settled that the matter of contempt is addressed to the sound discretion of the trial justice, to be exercised in accordance with the particular facts and findings as to the extent and willfulness of respondent's contempt for the authority and dignity of the court." Durfee v.Ocean State Steel Co., Inc., 636 A.2d 698, 704 (R.I. 1994);School Committee of North Providence, 468 A.2d at 276, and casescited therein. With regard to civil contempt, the purpose "is to coerce the defendant into compliance with the Court Order and to compensate the complaining party for losses sustained as a violation of the Court Order." Durfee, 636 A.2d at 704, (citingVentures Management Co., Inc. v. Geruso, 434 A.2d 252, 254 (R.I. 1981)). Willfulness need not be shown as an element of civil contempt. Trahan v. Trahan, 455 A.2d 1307, 1311 (R.I. 1983). If, however, the party is literally unable to comply because compliance is not presently within its power, the attempt at coercion embodied in a finding of contempt is meaningless.Palmigiano v. DiPrete, 700 F. Supp. 1180, 1196 (D. R.I. 1988). The burden of proving impossibility, however, is a heavy one. Id.
The facts of this case, as previously indicated, demonstrate that defendant was present at the June 3, 1994 motion with her attorney and was represented by counsel throughout the proceedings. Defendant's counsel prepared the final Order and provided the terms to enable defendant to delineate its responsibilities sufficiently. As such, defendant was charged with understanding the clear legal import of the provisions regarding the procedures to be followed in the event the property was sold. Accord, Trahan, 455 A.2d 1307. By transferring the property and failing to deposit the funds received into an escrow account as directed by this Court, plaintiff knowingly failed to comply with this Court's Order. Accordingly, the Court finds that she is in contempt of that Order and appropriate sanctions should be imposed. That defendant is able to work but does not do so; that she has expended some of the proceeds sought on travel to Cancun, Disney World, etc. does not vitiate her financial obligations.
This Court further finds that defendant's argument that she is not bound by the resulting provisions of the Order because the plaintiff failed to comply with statutory requirements for attachment, is without merit. The statutory provisions to which defendant refers, R.I.G.L. §§ 10-15-9 and 10-15-11, detail the method for attaching real estate. These provisions state in pertinent part:
 "10-5-9. Method for attaching real estate. — The officer commanded by writ to attach real estate, or the right, title and interest of any defendant therein, shall attach the same by leaving an attested copy of the writ, with a copy of his doings thereon, with the town clerk of the town in which the real estate shall be situated, unless there be a recorder of deeds of such town in which case he shall leave a copy with the recorder of deeds . . . ."
 "10-5-11. Service of writ on defendant. — The officer making such an attachment shall serve the defendant, as provided in applicable procedural rules, with a copy of the writ, having endorsed thereon a general reference to the class or kind of goods and chattels so attached . . . ."
These provisions, however, are inapplicable in the instant proceedings. Rhode Island General Laws §§ 10-5-9 and 10-5-11
pertain to the recording and no ice requirements necessary when an individual seeks to protect his/her interests in certain property and give him/her "priority" in later claims proceedings; subsequent purchasers and/or creditors, as well as its current owner, are put on notice that the property is encumbered. The provision does not serve to excuse a party from compliance with a direct Order of the Court.
In the instant matter, defendant was aware of the Order and knew that in the event of a transfer of the subject real estate, she was to place the money received in an escrow account. Any actions taken contrary to this directive were in clear violation of this Order. Plaintiff's alleged failure to preserve his rights in the property with relation to third parties in no way affects this determination. Therefore, after considering and reviewing all the evidence before it, this Court finds that defendant's actions constituted a knowing violation of this Court's Order and hereby adjudges defendant to be in contempt and orders defendant to pay into escrow the sum of Twenty One Thousand Seven Hundred ($21,700.00) Dollars.
Counsel shall prepare the appropriate judgment for entry.