### Yolanda J. GREGORY

v.

### Rhonda A. DiCENZO et al.

### No. 96–491–Appeal.

Supreme Court of Rhode Island.

June 17, 1998.

Guy R. Bissonnette, for Plaintiff.

Linn Foster Freedman and Mark C. Hadden, Providence, for Defendant.

Before WEISBERGER, C.J., and LEDERBERG, BOURCIER, FLANDERS and GOLDBERG, JJ.

### OPINION

PER CURIAM.

This case originally came before the Supreme Court on December 8, 1997, pursuant to an order directing the plaintiff, Yolanda J. Gregory (Yolanda), to appear and to show cause why this appeal should not be summarily decided. On December 12, 1997, this Court issued a second order directing the defendant, Rhonda A. DiCenzo (DiCenzo), to

---

appear and to show cause why this appeal should not be sustained. After hearing the arguments of counsel on April 6, 1998, and reviewing the memoranda of the parties, we conclude that cause has not been shown, and we shall therefore decide the case at this time. The facts are not in dispute.

On October 5, 1990, Yolanda was involved in a motor-vehicle collision with DiCenzo. Suit was not filed in Yolanda's name, however, until September 23, 1993. Of paramount importance in this case is the fact that on August 13, 1993, five weeks prior to the filing of the complaint, Yolanda died from causes unrelated to the collision. Nonetheless, suit was filed in Yolanda's name on September 23, 1993. On December 8, 1993, counsel for Yolanda filed a suggestion of death pursuant to Rule 25(a)(2) of the Superior Court Rules of Civil Procedure. On April 12, 1996, counsel moved to amend the complaint to substitute Yolanda's husband, Guy Gregory (Guy), and the estate as the named plaintiff. The motion also indicated that Guy had been appointed executor on or about May 16, 1994.

Prior to the filing of the motion to amend, DiCenzo filed a motion for summary judgment on the ground that since Yolanda was not alive at the time the complaint was filed, the court did not have jurisdiction over this matter. DiCenzo maintained that Rule 25 is of no assistance in this case and that summary judgment would be appropriate. The trial justice agreed, and on July 9, 1996, he granted DiCenzo's motion for summary judgment and denied the motion to amend the complaint to substitute a party. The trial justice found that at no time from that in which the complaint was originally filed on September 23, 1993 (five weeks after Yolanda's death), to the present had there been a legally existing party-plaintiff and that Rule 25 was unavailable since this rule is operative only when the substitution is for someone who is a party to a pending action. In the words of the trial justice, "[s]ubstitution is not possible if one who was named as a party, in fact, [has] died before the commencement of the action."

On appeal Yolanda's counsel alleges that the trial justice overlooked Rule 17 of the Superior Court Rules of Civil Procedure, which, when read in conjunction with Rule 25, permits the substitution sought. We disagree.

Rule 17, **"Parties plaintiff and defendant—Capacity,"** provides in part:

"(a) *Real Party in Interest.* Every action shall be prosecuted in the name of the real party in interest. An executor, administrator, guardian, bailee * * * or a party authorized by statute may sue in that person's own name without joining the party for whose benefit the action is brought * * *. No action shall be dismissed on the ground that it is not prosecuted in the name of the real party in interest until a reasonable time has been allowed after objection for ratification of commencement of the action by, or joinder or substitution of, the real party in interest; and such ratification, joinder, or substitution shall have the same effect as if the action had been commenced in the name of the real party in interest."

Rule 25, **"Substitution of Parties,"** provides in part:

"(a) *Death.* (1) If a party dies and the claim is not thereby extinguished, the court may order substitution of the proper parties. The motion for substitution may be made by any party or by the successors or representatives of the deceased party."

Yolanda's counsel argues that the trial justice erred in denying the motion to amend the complaint since the claim was not extinguished by the death of the named party-plaintiff. Although counsel is correct in asserting that pursuant to G.L.1956 § 9-1-6, a cause of action for damages survives the death of the injured party, counsel's reliance upon Rules 17 and 25 is misplaced since these rules relate to the amendment and substitution of parties in actions that were properly commenced in the name of a living party. Neither rule has any applicability in circumstances in which a complaint is brought in the name of a deceased person. The appropriate procedure to be utilized in that instance is contained within § 9-1-21.[1] This procedure, however, was never utilized.

1. General Laws 1956 § 9-1-21 states in its entirety:

In cases wherein a party for whom a cause of action has accrued dies prior to the commencement of suit, § 9–1–21 provides that "the action may be commenced * * * at any time not more than one year after the appointment of the executor or administrator of the person so dying, and not afterwards." It is undisputed that Guy was appointed executor of his late wife's estate on May 16, 1994. Thus pursuant to § 9–1–21 Guy had until May 16, 1995, to commence this cause of action in the name of a proper party. This commencement did not occur. Indeed, the motion to amend the complaint, seeking to substitute the executor as the proper party, was not made until April 12, 1996, eleven months after the expiration of the time period set forth in § 9–1–21. Therefore, the trial justice was without authority to grant the motion to amend the complaint and substitute the executor as the proper party. Accordingly the trial justice was correct in granting DiCenzo's motion for summary judgment.

Yolanda's counsel also relies upon the case *LesCarbeau v. Rodrigues,* 109 R.I. 407, 286 A.2d 246 (1972), in which the named defendant died after the action had commenced and counsel for the plaintiff took no steps to secure the appointment of an administrator or executor to be substituted as the proper defendant. This Court upheld the order of the trial justice conditionally dismissing the action unless the plaintiff substituted the appropriate party within six months. We stated:

"It is a basic common-law principle that if a party dies before a verdict or decision is rendered in an action against him, the action abates as to him and must be dismissed unless it is revived by substituting his personal representative. * * * When, however, there is no attempt to revive the action, the court lacks jurisdiction to enter any judgment against the deceased. * * * It should be noted that procedure for re-vival of an action by substitution of the personal representatives [pursuant to Rule 25] is not a mere technicality but rather it is the sole means by which the court obtains jurisdiction over the personal representative." *Id.* at 410–11, 286 A.2d at 248.

Although it was the defendant who died in that case, *LesCarbeau* is authority for the principle that upon the death of a party to a pending action, an appropriate representative must be substituted in place of the deceased party in order for the court to retain jurisdiction over the case. In *LesCarbeau* the action was commenced before the death of the defendant, and although Rule 25 may be the appropriate procedural mechanism for the substitution of a party who dies after a suit has been initiated, Rule 25 is of no assistance in the case when the party has died before the institution of the action.

For instance, in *Chorney v. Callahan,* 135 F.Supp. 35 (D.Mass.1955), a negligence action was commenced against the named defendant two months after he had died. Thereafter the administrator of decedent's estate was substituted as the defendant, and his subsequent motion to dismiss the action was granted on the ground that as originally filed, the action was brought against a deceased person and thus constituted a legal nullity, "for a dead man obviously cannot be named [as a] party defendant in an action." *Id.* at 36. The court in *Chorney* held that the attempted substitution of the administrator was ineffective because there was no action in existence into which the administrator could be substituted. *Id.* Furthermore the court found that Rule 25 of the Federal Rules of Civil Procedure was inapplicable because that rule contemplates substitution for someone who was in fact a party before his or her death. *Id.*

In the instant case we agree with the trial justice that the reasoning in *Chorney* is

"If any person, for or against whom any causes of action enumerated in this chapter accrue, dies before the time limited for bringing action, or within sixty (60) days after the expiration of that time, and the cause of action survives, *the action may be commenced by or against the executor or administrator of the deceased person, as the case may be, at any time not more than one year after the appointment of the executor or administrator of the person so dying,* and not afterwards, if barred by the provisions of this chapter; provided, however, that any such action shall be brought within three (3) years after the death of the person and not after." (Emphasis added.)

equally appropriate to this case in which there was no action in existence at the time Guy sought to invoke the provisions of our Rule 25. Since Yolanda was deceased at the time this action was commenced, the filing of her complaint was a legal nullity and the provisions of Rule 25 unavailing. *See also Mizukami v. Buras*, 419 F.2d 1319, 1320 (5th Cir.1969); *Defelice v. Johnson*, 931 P.2d 548, 550 (Colo.Ct.App.1996); *Valentin v. Cartegena*, 375 Pa.Super. 493, 544 A.2d 1028, 1029 (1988). Furthermore, we are of the opinion that a valid action did not commence within one year of the appointment of the executor as set forth in § 9–1–21.

Accordingly, for the reasons stated herein, we deny and dismiss this appeal. The judgment of the Superior Court is affirmed, and the papers in this case may be remanded to the Superior Court.