January 30, 2024

**Supreme Court**

No. 2022-353-Appeal.
(PM 19-102)

The Bank of New York Mellon f/k/a    :
The Bank of New York, as Trustee for
the certificateholders of CWALT, Inc.,
Alternative Loan Trust 2006-31CB,
Mortgage Pass-Through Certificates,
Series 2006-31CB

v.                                    :

Ronald A. Gosset et al.              :

NOTICE:   This opinion is subject to formal revision before publication in the Rhode Island Reporter.  Readers are requested to notify the Opinion Analyst, Supreme Court of Rhode Island, 250 Benefit Street, Providence, Rhode Island 02903, at Telephone (401) 222-3258 or Email opinionanalyst@courts.ri.gov, of any typographical or other formal errors in order that corrections may be made before the opinion is published.

The Bank of New York Mellon f/k/a   :
The Bank of New York, as Trustee for
the certificateholders of CWALT, Inc.,
Alternative Loan Trust 2006-31CB,
Mortgage Pass-Through Certificates,
Series 2006-31CB

                v.                 :

    Ronald A. Gosset et al.       :

Present: Suttell, C.J., Goldberg, Robinson, and Long, JJ.

## O P I N I O N

**Chief Justice Suttell, for the Court.** The defendants, Mellissa Gosset and Verity Gosset,[1] appeal from a Superior Court judgment in favor of the plaintiff, The Bank of New York Mellon f/k/a The Bank of New York, as Trustee for the certificateholders of CWALT, Inc., Alternative Loan Trust 2006-31CB, Mortgage Pass-Through Certificates, Series 2006-31CB.[2] The Superior Court granted the plaintiff's motion for summary judgment and for leave to conduct a foreclosure sale on a property encumbered by a mortgage that the defendants signed with their father, Ronald A. Gosset, who died before the plaintiff's motion was filed. This case came

---

[1] Two spellings of the defendant Mellissa Gosset's first name appear in the record. We use the spelling that appears in the defendants' prebriefing statement.

[2] Two additional defendants named in the complaint, Stewart Title Guaranty Company and Oliphant Financial Corp., are not involved in this appeal.

before the Supreme Court pursuant to an order directing the parties to appear and show cause why the issues raised in this appeal should not be summarily decided. After considering the parties' written and oral submissions and reviewing the record, we conclude that cause has not been shown and that this case may be decided without further briefing or argument. For the reasons set forth in this opinion, we affirm the judgment of the Superior Court.

# I

## Facts and Travel

In August 2006, Ronald A. Gosset signed a promissory note for $275,000, plus interest, in exchange for a loan. As security for the note, he granted a mortgage on his property at 42 Sherman Street, Newport, Rhode Island, which he owned as a joint tenant with his daughters, Mellissa Gosset and Verity Gosset. Mellissa and Verity[3] also signed the mortgage and, like their father, are designated as "Borrowers" under its terms. The daughters did not, however, sign the underlying note. Section 13 of the mortgage provides, in relevant part, that

> "any Borrower who co-signs this Security Instrument but does not execute the Note (a 'co-signer'): (a) is co-signing this Security Instrument only to mortgage, grant and convey the co-signer's interest in the Property under the terms of this Security Instrument; (b) is not personally obligated to pay the sums secured by this Security Instrument; and (c) agrees that Lender and any other

---

[3] To avoid confusion, we refer to the members of the Gosset family by their first names. No disrespect is intended.

> Borrower can agree to extend, modify, forbear or make any accommodations with regard to the terms of this Security Instrument or the Note without the co-signer's consent."

In 2014, Verity transferred her interest in the property to her father and sister, both of whom remained joint tenants with rights of survivorship until Ronald's death in May 2021.

The plaintiff was assigned the mortgage in 2012 and, in 2019, filed a complaint in Providence County Superior Court alleging that all three Gossets had defaulted on the note and mortgage. According to the complaint, the Gossets had been in continuous default since July 2017 and, as of December 2018, owed plaintiff $454,626.87. The plaintiff therefore asked the Superior Court to authorize a foreclosure sale and "Enter Judgment in favor of Plaintiff for the sums due and owing from [the Gossets] in connection with the Note and the Mortgage * * *."

The defendants denied plaintiff's allegations, and the case languished until March 2022, when plaintiff filed a motion for summary judgment and for leave to conduct a foreclosure sale. In its supporting memorandum, plaintiff alleged once again that all three Gossets had defaulted on the note and mortgage by failing to make "principal and interest payments as required by the terms of the Note" and, as of December 2018, owed plaintiff $454,626.87. In response, defendants filed a motion to stay proceedings and an opposition to plaintiff's motion for summary judgment. The motion to stay proceedings included a suggestion of death on the

record, which provided notice that Ronald had died on May 28, 2021, and it requested a stay of proceedings until a representative of his estate filed a motion for substitution pursuant to Rule 25(a)(1) of the Superior Court Rules of Civil Procedure. In their opposition to summary judgment, which was filed two months after the motion to stay proceedings, defendants Mellissa and Verity argued that plaintiff was not entitled to judgment as a matter of law because neither defendant had signed the note. "As such," defendants claimed, "neither Mel[l]issa Gosset nor Verity Gosset are in default since they have no contractual or financial obligations owed to the Plaintiff." Furthermore, because the one defendant who signed the note, Ronald, was deceased, defendants contended that a "proper claim [could not be] asserted against his estate" until a substitution of the parties had taken place.

The Superior Court heard the parties' motions on August 17, 2022. During the hearing, defendants Mellissa and Verity repeated their argument that neither was in default, nor subject to a monetary judgment, because neither had signed the note. As for the claims against their father, "to the extent that he has defenses," defendants argued, "that defense would have to be asserted by an administrator or by a fiduciary." Contrary to the arguments made in its complaint and supporting memorandum, plaintiff claimed during the hearing that the living defendants' alleged default was not on the note, but only on the mortgage. "Mr. Gosset is on the Note," plaintiff said, "but as to the Mortgage, if payments are not made, you[ are]

- 4 -

also in default of the Mortgage." The plaintiff further argued that Ronald's death did not change "the nature of the default and the ability to exercise the public sale."

In his bench decision, the hearing justice said that "plaintiff has presented uncontested evidence demonstrating that defendants are currently in default of the Mortgage." To prevent summary judgment, the hearing justice explained, "defendants would have had to prove by competent evidence the existence of a disputed issue of material fact." And here, where "the critical issue to be decided is whether the defendants defaulted on the Mortgage," the hearing justice noted that "[t]he undisputed facts and evidence demonstrate that the Mortgage was defaulted on, and that plaintiff is the current holder of the Note and Mortgage."

A week after the hearing, on August 22, 2022, the Superior Court entered a judgment and order that granted plaintiff's motion for summary judgment and authorized plaintiff to conduct a foreclosure sale. The defendants filed a motion to vacate the judgment and order, in part because plaintiff, which submitted a proposed judgment to the Superior Court the day after the hearing, did not provide defendants with an advance copy of the proposed judgment. The defendants also characterized the judgment and order as "inaccurate in critical aspects," particularly in finding that all three Gossets had defaulted on both the note and the mortgage by failing to make "principal and interest payments as required by the terms of the Note and Mortgage."

- 5 -

On September 8, 2022, the parties filed a stipulation that the judgment and order should be vacated and a new one be filed. The Superior Court then entered a revised judgment and order, which states, in relevant part, that

> "Defendant, Ronald A. Gosset, is in default in the performance of the terms and conditions of the Note and Mortgage by reason of his failure to timely tender principal and interest payments as required by the terms of the Note and Mortgage. Mel[l]issa Gosset and Verity Gosset are in default of the terms of the Mortgage."

Notably, the revised judgment and order attributes the daughters' default on the mortgage solely to their father's failure to make payments on the loan. The revised judgment and order further states that, as of December 2018, Ronald A. Gosset owed plaintiff $454,626.87 in connection with the note and, moreover, that "Mel[l]issa and Verity are co-mortgagors, but not obligated on the Note." The defendants filed a timely notice of appeal on September 29, 2022.

## II

## Standard of Review

"This Court will review the grant of a motion for summary judgment *de novo*, employing the same standards and rules used by the hearing justice." *Apex Development Company, LLC v. Rhode Island Department of Transportation*, 291 A.3d 995, 998 (R.I. 2023) (quoting *Nelson v. Allstate Insurance Company*, 228 A.3d 983, 984-85 (R.I. 2020)). "We will affirm a trial court's decision only if, after reviewing the admissible evidence in the light most favorable to the nonmoving

- 6 -

party, we conclude that no genuine issue of material fact exists and that the moving party is entitled to judgment as a matter of law." *Id.* (quoting *Nelson*, 228 A.3d at 985). "Furthermore, the nonmoving party bears the burden of proving by competent evidence the existence of a disputed issue of material fact and cannot rest upon mere allegations or denials in the pleadings, mere conclusions or mere legal opinions." *Id.* (quoting *Nelson*, 228 A.3d at 985).

## III

## Discussion

On appeal, defendants argue that (1) the revised judgment and order is appealable under an exception to the final-judgment rule, (2) the Superior Court lacked personal jurisdiction to adjudicate the underlying case against Ronald because he was deceased and no personal representative had been appointed as a substitute, and (3) the Superior Court erred in finding that Mellissa and Verity were in default on the mortgage.

We first address defendants' argument that the revised judgment and order is an appealable judgment notwithstanding that it is both interlocutory and in violation of the separate-document rule set forth in Rule 58(a)(2) of the Superior Court Rules of Civil Procedure. We note that the revised judgment is clearly interlocutory in that it contemplates by its very terms that, after any foreclosure sale but prior to conveying title, plaintiff shall file a motion "seeking final judgment and approval of

- 7 -

its sale." Also, Rule 58(a)(2) provides that a "judgment shall be set forth on a separate document" and signed by the clerk in order to be final. Super. R. Civ. P. 58(a)(2). The defendants' principal argument regarding this question is that, according to G.L. 1956 § 9-24-7, interlocutory orders or judgments ordering the sale of real or personal property are appealable in the same manner as a final judgment. Therefore, even if the revised judgment and order did not amount to a final judgment, defendants argue that § 9-24-7 applies because the revised judgment and order authorizes plaintiff to foreclose on the property.

"It is axiomatic that, with limited exceptions, a party can appeal only from 'a final judgment, decree, or order of the superior court.'" *Coates v. Ocean State Jobbers, Inc.*, 18 A.3d 554, 561 (R.I. 2011) (quoting § 9-24-1). One of the exceptions to this well-recognized final-judgment rule is when, "upon a hearing in the superior court, * * * a sale of real or personal property [is] ordered * * *." Section 9-24-7. As we have previously held, an order authorizing a foreclosure sale "can be interpreted as one ordering the sale of real property" and is therefore reviewable on direct appeal pursuant to § 9-24-7. *Note Capital Group, Inc. v. Perretta*, 207 A.3d 998, 1004 (R.I. 2019). We are satisfied, therefore, that defendants' appeal is properly before this Court.

We now turn to defendants' second and third arguments on appeal, which we address in tandem. Because only their father was obligated to make payments on

- 8 -

the note, defendants contend that only he could be made to answer for his alleged default. The defendants direct our attention to the case of *LesCarbeau v. Rodrigues*, 109 R.I. 407, 286 A.2d 246 (1972), for the following proposition.

> "It is a basic common-law principle that if a party dies before a verdict or decision is rendered in an action against him, the action abates as to him and must be dismissed unless it is revived by substituting his personal representative. * * * When, however, there is no attempt to revive the action, the court lacks jurisdiction to enter any judgment against the deceased. * * * It should be noted that procedure for revival of an action by substitution of the personal representatives is not a mere technicality but rather it is the sole means by which the court obtains jurisdiction over the personal representative." *LesCarbeau*, 109 R.I. at 410-11, 286 A.2d at 248.

The mortgage provides that, unlike their father, Mellissa and Verity are "not personally obligated to pay the sums" to which plaintiff, as the present holder of the note, is entitled. Mellissa and Verity did, however, agree to "mortgage, grant and convey" their interest in the property, upon which plaintiff has the right to foreclose in the event of default. This fact alone gave at least Mellissa, the property's sole remaining possessor, ample reason to refute plaintiff's contention that the mortgage was in default, given that her interest in the property hung in the balance.

In the case before the Court, the revised judgment and order from which defendants are appealing does not provide for an award of damages against any defendant. Rather, it explicitly states that "[n]o monetary judgment is entered

against the [d]efendants." The relief provided is the authority granted to plaintiff to "foreclose its mortgage encumbering the real property situated at [42] Sherman Street, Newport, RI by following the procedures for statutory power of sale foreclosures as set forth in [G.L. 1956] § 34-27-4."[4] Upon Ronald's death, his interest in said real estate passed to Mellissa by operation of law through the joint tenancy. *See Butler v. Gavek*, 245 A.3d 750, 754 (R.I. 2021). Thus Ronald's estate possesses no interest in the real estate.

Based upon our *de novo* review of the record, we are in agreement with the hearing justice that the plaintiff presented uncontested evidence demonstrating that the plaintiff is the holder of the note and mortgage, and that the note is currently in default. Moreover, under the terms of the mortgage, that instrument is also in default. What is more, the defendants executed the mortgage, and are specifically referenced therein as "Borrowers." As the defendants have failed to present evidence challenging these assertions, we are satisfied that there are no genuine issues of material fact and that the plaintiff is entitled to conduct a foreclosure sale on the property securing its promissory note.

---

[4] The revised judgment and order states that the property securing the note is located at "45 Sherman Street." According to the note and mortgage, however, the address is 42 Sherman Street.

- 10 -

## IV

## Conclusion

For the reasons set forth herein, the judgment of the Superior Court is affirmed. The papers in this case may be remanded to the Superior Court.

Justice Lynch Prata did not participate.



**STATE OF RHODE ISLAND**

**SUPREME COURT – CLERK'S OFFICE**
Licht Judicial Complex
250 Benefit Street
Providence, RI  02903

## OPINION COVER SHEET

| | |
|---|---|
| **Title of Case** | The Bank of New York Mellon f/k/a The Bank of New York, as Trustee for the certificateholders of CWALT, Inc., Alternative Loan Trust 2006-31CB, Mortgage Pass-Through Certificates, Series 2006-31CB v. Ronald A. Gosset et al. |
| **Case Number** | No. 2022-353-Appeal. (PM 19-102) |
| **Date Opinion Filed** | January 30, 2024 |
| **Justices** | Suttell, C.J., Goldberg, Robinson, and Long, JJ. |
| **Written By** | Chief Justice Paul A. Suttell |
| **Source of Appeal** | Providence County Superior Court |
| **Judicial Officer from Lower Court** | Associate Justice R. David Cruise |
| **Attorney(s) on Appeal** | For Plaintiff: <br><br> Thomas J. Walsh, Esq. <br> For Defendants: <br><br> Anthony E. Conte, Esq. |