**Supreme Court**
No. 2025-60-Appeal.
(WC 23-312)

Andrea Lynch : 

v. : 

Jason Gardner and Timothy Gardner as :
Joint Executors of the Estate of James
Gardner.

**O R D E R**

This case came before the Supreme Court on appeal by the plaintiff, Andrea

Lynch (Lynch), from a judgment of the Superior Court in favor of the defendants,

Jason Gardner (Jason) and Timothy Gardner (Timothy) as Joint Executors of the

Estate of James Gardner (collectively, the co-executors) following an order granting

the co-executors' motion for summary judgment.[1]   This Court issued an order

directing the parties to appear and show cause why the issues raised in this appeal

should not be summarily decided.  Having considered the parties' written and oral

arguments, we conclude that cause has not been shown and proceed to decide the

appeal at this time.  For the reasons set forth herein, we affirm the judgment of the

Superior Court.

---

[1] We refer to Timothy and Jason by their first names solely for the sake of clarity.
No disrespect is intended.

On September 2, 2020, Lynch sustained an injury while visiting a third party at a property James Gardner (Gardner) owned. Lynch eventually filed suit against Gardner, and almost three years after the injury, in early August 2023, a constable served a summons and complaint at Gardner's last known address. Gardner's son, Timothy, accepted the service on his father's behalf. According to counsel for Lynch, his office contacted Gardner's homeowner's insurance company after a month had passed without any responsive pleading. Lynch's counsel then sent the summons and complaint directly to the insurance company.

Shortly thereafter, counsel for Gardner filed a limited entry of appearance to obtain an extension of time to respond to Lynch's complaint. In late October 2023, Gardner's counsel notified Lynch's counsel that Gardner had died in July of 2022. About a month after receiving this notification, on November 22, 2023, Lynch filed an amended complaint naming the co-executors of Gardner's estate, Gardner's two sons, Jason and Timothy, as defendants.

The co-executors answered the complaint on December 21, 2023, raising several affirmative defenses. Almost a year later, in November of 2024, the co-executors filed a motion for summary judgment on the basis that the filing of suit against them fell outside the applicable statute of limitations. The co-executors argued that the complaint should have been brought in accordance with G.L. 1956 § 9-1-21 which, in relevant part, requires suit against a deceased party to be brought

- 2 -

"not more than one year after the appointment of the executor or administrator of the person so dying, and not afterwards, if barred by the provisions of this chapter * * *." Furthermore, the co-executors argued that Lynch's amended complaint did not relate back to the original complaint because it was filed solely against Gardner, a deceased person, rendering the original complaint a legal nullity.

Lynch filed an objection, arguing that the original complaint was not a legal nullity because Gardner was alive at the time of filing[2] and named in the case. Furthermore, Lynch contended that the amended complaint should relate back to the original complaint because the proper defendants (the co-executors) had notice of the suit in August 2023, when Timothy accepted service of the original complaint on his father's behalf. Lynch alleged that the co-executors intentionally concealed Gardner's death until after the statute of limitations had lapsed.

A hearing on the motion for summary judgment commenced before the Superior Court on January 21, 2025. Counsel for the co-executors stated that at the time they became involved in the case they had no knowledge that Gardner was deceased, but that they promptly informed Lynch's counsel when they did learn of

---

[2] It is uncontested that Gardner died on July 20, 2022. The original complaint was filed on July 19, 2023, almost a year later. Gardner's obituary was posted publicly online on August 11, 2022, and the publication of the notice of death to creditors appeared in The Westerly Sun on October 3, 2022 and October 10, 2022. Before this Court, there is no dispute that Gardner had passed when the original complaint was filed.

Gardner's passing. The co-executors contended that the original complaint, filed in July 2023, was a legal nullity and that the amended complaint fell outside the relevant statute of limitations. In response, Lynch argued that the amended complaint should relate back to the original complaint because at the time of the original filing, Lynch had no knowledge of Gardner's passing and Timothy, who received service meant for his father,[3] was ultimately appointed as executor.

At the conclusion of the hearing, the trial justice held that the original complaint was a legal nullity, and that, therefore, Lynch's amended complaint could not relate back to that initial filing. Moreover, the trial justice explained that because Gardner was deceased at the time of filing, Lynch's only recourse would have been filing a complaint against the co-executors pursuant to § 9-1-21. An order entered granting summary judgment in favor of the co-executors, from which Lynch filed a premature but valid notice of appeal. *See* Article I, Rule 4(a) of the Supreme Court Rules of Appellate Procedure. Final judgment entered in favor of the co-executors on January 31, 2025. On appeal, Lynch contends that the trial justice erred in not allowing the amended complaint to relate back to the original complaint, which she found to be a legal nullity.

---

[3] At the hearing below, in her papers, and during oral argument, Lynch stated that Timothy "was served" in August 2023. To be clear, in August 2023 the constable gave Timothy the summons and complaint meant for his father. Timothy himself was not served the amended complaint until November 30, 2023. The co-executors assert that Jason, to date, has not been served.

"A decision granting summary judgment is reviewed *de novo* by this Court." *Verizon New England Inc. v. Savage*, 337 A.3d 689, 693 (R.I. 2025) (quoting *Saint Elizabeth Home v. Gorham*, 266 A.3d 112, 113 (R.I. 2022)). "We, like the trial justice, view the evidence in the light most favorable to the nonmoving party, and if we conclude that there are no genuine issues of material fact and that the moving party is entitled to judgment as a matter of law, we will affirm the judgment." *Id.* (quoting *Saint Elizabeth Home*, 266 A.3d at 113-14).

On appeal, Lynch contends that she properly amended her complaint under Rule 15 of the Superior Court Rules of Civil Procedure. Lynch points this Court to Rule 15(c), which allows for relation back to the original pleading but requires that a defendant added to a suit via amendment:

> "(1) Has received such notice of the institution of the action that the party would not be prejudiced in maintaining a defense on the merits; and
>
> "(2) Knew or should have known that but for a mistake the action would have been brought by or against the plaintiff or defendant to be added." Super. R. Civ. P. 15(c).

Applying this rule, Lynch argues that her amended complaint properly relates back to the original complaint because (1) Timothy was served the summons and complaint within the required time frame; and (2) Timothy should have known, but for the mistake of Lynch not knowing of Gardner's passing, that the action would

- 5 -

have been properly brought against the estate. Lynch claims that because the amended complaint should relate back, the nullity of the original complaint is cured.

In assessing a similar argument under Rule 25 of the Superior Court Rules of Civil Procedure,[4] this Court held that "[i]n cases wherein a party for whom a cause of action has accrued dies prior to the commencement of suit, § 9-1-21 provides that 'the action may be commenced * * * at any time not more than one year after the appointment of the executor or administrator of the person so dying, and not afterwards.'" *Gregory v. DiCenzo*, 713 A.2d 772, 774 (R.I. 1998) (quoting § 9-1-21).

---

[4] Rule 25(a) governs the substitution of parties in the instance of death. Specifically, the rule states:

> "(1) If a party dies and the claim is not thereby extinguished, the court may order substitution of the proper parties. The motion for substitution may be made by any party or by the successors or representatives of the deceased party and, together with the notice of hearing, shall be served on the parties as provided by Rule 5 and upon persons not parties in the manner provided in Rule 4 for the service of a summons. If no motion for substitution is made the action shall be subject to dismissal under Rule 41(b).

> "(2) In the event of the death of one (1) or more of the plaintiffs or of one (1) or more of the defendants in an action in which the right sought to be enforced survives only to the surviving plaintiffs or only against the surviving defendants, the action does not abate. The death shall be suggested on the record and the action shall proceed in favor of or against the surviving parties."
> Super. R. Civ. P. 25(a).

This Court has held that an action filed on behalf of a deceased party is a legal nullity. *Id.* at 775. This Court has been clear that Rule 25 does not have "any applicability in circumstances in which a complaint is brought in the name of a deceased person. The appropriate procedure to be utilized in that instance is contained within § 9-1-21." *Id.* at 773.

Lynch attempts to distinguish *Gregory* on the basis that she did not move to amend under Rule 25, but rather amended her complaint as a matter of course under Rule 15. However, like the plaintiff's reliance on Rule 25 in *Gregory*, Lynch's reliance on Rule 15 is misplaced. Gardner, the only named defendant, was deceased at the time of filing, therefore there was "no action in existence" to which Lynch's amended complaint could relate back. *Gregory*, 713 A.2d at 775. Because the original complaint was a legal nullity, Lynch's only option would have been to file a new complaint naming the co-executors as defendants within a year of their appointment pursuant to § 9-1-21. Lynch failed to do so and is thus without recourse.

Accordingly, the judgment of the Superior Court is affirmed. The papers may be remanded to the Superior Court.

Entered as an Order of this Court this 23rd day of March, 2026

_____
*/s/ Meredith A. Benoit*
Clerk



# STATE OF RHODE ISLAND

## SUPREME COURT – CLERK'S OFFICE
Licht Judicial Complex
250 Benefit Street
Providence, RI  02903

## ORDER COVER SHEET

| | |
|---|---|
| **Title of Case** | Andrea Lynch v. Jason Gardner and Timothy Gardner as Joint Executors of the Estate of James Gardner. |
| **Case Number** | No. 2025-60-Appeal. (WC 23-312) |
| **Date Order Filed** | March 23, 2026 |
| **Justices** | Suttell, C.J., Goldberg, Robinson, Lynch Prata, and Long, JJ. |
| **Source of Appeal** | Washington County Superior Court |
| **Judicial Officer from Lower Court** | Associate Justice Sarah Taft-Carter |
| **Attorney(s) on Appeal** | For Plaintiff: Christopher Krueger-Murphy, Esq. For Defendants: Lauren D. Wilkins, Esq. |